[Civ. No. 8431.  First Appellate District, Division Two.—January 26, 1933.]

ALICE WEAVER et al., Appellants, v. SHELL OIL COMPANY OF CALIFORNIA (a Corporation) et al., Respondents.

Vincent W. Hallinan, James J. Roach, C. K. Bonestell and James H. Gillard for Appellants.

Redman, Alexander & Bacon and Herbert Chamberlin for Respondents.

SPENCE, J.—Plaintiffs sought damages for the death of Lincoln Weaver, deceased, alleged to have been caused by the negligence of defendants. Deceased was employed in a filling station owned by his employer, the Pacific Gas and Electric Company, and his death resulted from a gasoline explosion on the premises of his employer while defendants were making a delivery of gasoline thereto. Notice of the pendency of this action was given to the employer under section 26 of the Workmen's Compensation, Insurance and Safety Act. The jury returned a verdict in favor of plaintiffs in the sum of $35,000. Defendants made a motion for new trial, which motion was granted in general terms without specifying the grounds upon which it was granted. From the order granting the new trial, plaintiffs appeal.

At the outset we may state that appellants' opening brief is inadequate to show error in the order granting the new trial. It is well settled that upon an appeal from an order granting a new trial, the presumption is in favor of the order and against the verdict (*Wulbern* v. *Gilroy Express,* 116 Cal. App. 222 [2 Pac. (2d) 508]; *Scott* v. *Southern Pac. Co.,* 100 Cal. App. 634 [280 Pac. 996]; *Roberts* v. *Southern Pac. Co.,* 54 Cal. App. 315 [201 Pac. 958]; *Marr* v. *Whistler,* 49 Cal. App. 364 [193 Pac. 600]; 2 Cal. Jur. 887), and the order will be affirmed if it may be sustained on any ground. (*Tasker* v. *Cochrane,* 94 Cal. App. 361 [271 Pac. 503]; 2 Cal. Jur. 891.) In the present case twelve grounds were specified in the motion for new trial and said motion was supported by affidavit. The argument in the opening brief is confined to four headings selected by appellants from the numerous possible grounds upon which the order may have been granted while other grounds are ignored. None of the evidence is printed therein and no reference is made to alleged errors in the admission and rejection of evidence other than a bald statement that "there were no errors on the part of the court in ruling upon the admission or rejection of evidence".

The charge to the jury is not printed in full nor are any of the instructions which were requested by respondents and refused by the court. Misconduct on the part of counsel for appellants was one of the grounds specified in the motion, but no mention whatever is made thereof in the opening brief. We fully appreciate the difficulty confronting the writer of an opening brief when the appeal is taken from an order granting a new trial, but the burden is upon appellants to show error in the ruling. In other words, it is incumbent upon appellants to overcome the presumption in favor of the order and this cannot be done by merely giving consideration to some of the grounds upon which the motion was based.

We have, however, examined the record as well as all of the briefs on file. Respondents contend that the order may be sustained on several grounds. It is claimed that the order was proper because of errors in denying respondents' challenges for cause to four jurors who were stockholders in the Pacific Gas and Electric Company and also because of errors in admission and rejection of evidence and of errors in the giving and refusing of various instructions. They further contend that the motion was properly granted on the ground that the verdict was against law and also because of misconduct on the part of counsel for appellants. We need not discuss the merits of all of respondents' contentions for if any one of them may be sustained, the order must be affirmed.

The record shows that in the closing argument to the jury counsel for appellants made the following statement: "Someone must take care of this widow and those four children, and the Shell Company is a great big, rich corporation, has millions, and it can afford to take care of them." In this connection it may be stated that two of the four children referred to were not children of the deceased, but were children of his wife by a former marriage; but regardless of this fact, the statement was highly improper. It must be presumed that the trial court determined that such misconduct was prejudicial to respondents. The granting of a new trial upon the ground of misconduct is largely within the discretion of the trial court and its ruling should not be disturbed unless it is so plainly wrong as to indicate an abuse of such discretion. (*Mangino* v.

*Bonslett,* 109 Cal. App. 205 [292 Pac. 1006]; *Loggie* v. *Interstate Transit Co.,* 108 Cal. App. 165 [291 Pac. 618].) It cannot be said in the present case that the ruling was wrong nor that the trial court abused its discretion.

In the reply brief counsel for appellants calls our attention to the fact that no exception was taken to said statement at the time it was made and no request was made to the trial court to admonish the jury to disregard it. We believe that counsel for appellants has lost sight of the nature of this appeal. This is not an appeal from the judgment after an order denying a new trial. It is an appeal from the order granting a new trial and the question before us is whether the trial court abused its discretion. The distinction between the two situations is suggested in *Merralls* v. *Southern Pac. Co.,* 182 Cal. 19, at page 24 [186 Pac. 778]. We are of the opinion that where the appeal is from an order granting a new trial and counsel for appellants has been guilty of misconduct, the fact that counsel for respondents may have failed to take exception to the misconduct at the time is not to be considered in determining whether the trial court abused its discretion in granting the motion.

The order appealed from is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 27, 1933.

Curtis, J., and Langdon, J., dissented.