[Civ. No. 8852. First Appellate District, Division Two.—December 15, 1933.]

RAYMOND NIEVES, Jr., et al., Appellants, v. AMERICO VIGOLINO et al., Respondents.

M. Mitchell Bourquin and James R. Loofbourow for Appellants.

Redman, Alexander & Bacon and Herbert Chamberlin for Respondents.

SPENCE, J.—This is an appeal by plaintiffs from an order granting a new trial in an action for damages for death brought by plaintiffs as the heirs of the deceased. The main ground urged in the trial court in support of the motion for new trial was that the jury had been erroneously instructed.

This action involved a collision at a street intersection between an automobile driven by the deceased and an automobile driven by respondent. The accident occurred after the effective date of the amendment of 1931 to section 113 of the California Vehicle Act. (Stats. 1931, p. 2120.) The evidence regarding the speed of the two cars, the manner in which they entered the intersection and the manner in which they collided was all conflicting. The effect of the trial court's instructions was to tell the jury that respondent was guilty of negligence as a matter of law if he traversed the intersection at a speed in excess of fifteen miles per hour. Section 113 of the California Vehicle Act as amended in 1931 provides in subdivision (d) thereof: "In any civil action the driver of a vehicle who has operated such vehicle at a speed in excess of the miles per hour set forth in subdivision (b) applicable at the time and place shall not be deemed to have been negligent by reason thereof as a matter of law, but in all such actions the burden shall be upon the opposing party to establish that the operation of such vehicle at such speed constituted negligence." It will thus be seen that the jury was erroneously instructed on the important element of speed with relation to respondent's alleged negligence.

■ ▪ Appellants do not seriously question the existence of error in the instructions but they do contend that respondent is estopped to complain of said error by reason of the fact that respondent proposed a somewhat similar instruction on speed with relation to the alleged contributory negligence of the deceased. In our opinion this con-

tention is without merit. In support thereof appellants cite and rely upon *Noble* v. *Miles,* 129 Cal. App. 724 [19 Pac. (2d) 265], but the authority cited is not in point. There the appeal was from the judgment while here the appeal is from the order granting the new trial. The sole question before us on this appeal from the order granting the new trial is whether the trial court abused its discretion. (*Weaver* v. *Shell Oil Co.,* 129 Cal. App. 232 [18 Pac. (2d) 736].) Appellants might have urged the considerations of waiver and estoppel before the trial court upon the hearing of the motion for new trial and such considerations might have justified a denial of said motion. Furthermore, in the event that the motion for new trial had been denied, these same considerations might have been urged in support of the action of the trial court on an appeal from the judgment. But where the jury has been erroneously instructed and the trial court has determined that the error was prejudicial, we do not believe that it is precluded from granting a new trial merely because there may be said to be a waiver or an estoppel on the part of one of the parties. (*Weaver* v. *Shell Oil Co., supra.*) To hold otherwise would mean that the trial court, by reason of the action of the parties, would be powerless to correct what might be an obvious miscarriage of justice. The trial court is allowed a wide discretion in granting a new trial on the ground that the jury has been erroneously instructed (*Pope* v. *Wenisch,* 109 Cal. App. 608 [293 Pac. 622]), and we find no abuse of discretion in the present case.

The order granting the new trial is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.