[Civ. No. 5654.   Third Appellate District.—January 21, 1937.]

ROLAND ELLIS, Respondent, v. WILLIAM H. JEWETT
et al., Appellants.

Nelson & Ricks and E. S. Mitchell for Appellants.

Edward J. Jose and Frank Thompson for Respondent.

THE COURT.—The defendants have appealed from an order granting plaintiff a new trial on the ground of error committed in the giving of certain instructions.

This is a suit for damages for injuries received as the result of an automobile accident. While driving the machine on a wet and slippery pavement it suddenly ran off the highway and overturned, injuring the plaintiff who was riding, at the invitation of defendants, in the back seat. The com-

plaint is couched in two counts. The first cause of action recites that plaintiff was riding ''as a passenger'' in defendants' automobile at the time of the accident, and alleges negligence in general terms. The second count asserts that plaintiff was injured while he was riding in defendants' automobile, as the result of their wilful misconduct in operating the machine at a dangerous and excessive rate of speed. The last count is drawn on the theory that plaintiff might be deemed to have been riding in the machine as the guest of defendants. Special demurrers to the complaint were overruled. The material allegations of the complaint were controverted. The cause was tried with a jury. A verdict was returned in favor of the defendants, and a judgment was rendered accordingly. Plaintiff moved for a new trial, which was granted, on the specified ground of having given to the jury erroneous instructions. From the order granting a new trial the defendants have appealed.

Since the court failed to specify the insufficiency of the evidence as a ground for granting a new trial this court is precluded from considering that feature of the record. (Sec. 657, subd. 7, Code Civ. Proc.; *Yoakam* v. *Hogan*, 198 Cal. 16 [243 Pac. 21] ; 20 Cal. Jur. 196, sec. 130.) This court, however, is not bound by the particular instructions enumerated by the trial judge as erroneous, but may consider any other errors committed at the trial, except the insufficiency of the evidence to support the verdict and judgment. (*Steil* v. *Sun Ins. Office of London,* 171 Cal. 795 [155 Pac. 72] ; *Smith* v. *Mitchell,* 64 Cal. App. 463, 469 [221 Pac. 964].) The motion for new trial in the present case was based on all of the grounds included in section 657 of the Code of Civil Procedure.

The new trial was properly granted on the ground of error in giving to the jury erroneous instructions. Instruction number 32, which was given to the jury at the request of the defendants, is erroneous. It reads as follows:

''Wilful misconduct arises from the spontaneous action of the will, and cannot exist without purpose or design or a wanton and reckless disregard of possible results. You should not confuse wilful misconduct with negligence or gross negligence, as there is a clear distinction between the two terms. Wilful misconduct means something different from, and more than, negligence, even gross, *and if you should find from*

*the evidence in this case that the defendant was not guilty of wilful misconduct as alleged in the amended complaint, then your verdict must be in favor of the defendants and against the plaintiff, even though you may find from the evidence that William H. Jewett may have been guilty of negligence or even gross negligence."*

The preceding instruction belongs to the formula class which has frequently been criticized by the Supreme Court. It informs the jury positively and unconditionally that if they find that the defendants were not guilty of wilful misconduct in the manner in which the machine was operated, then a verdict must be returned in favor of the defendants. Clearly that instruction is erroneous. The first cause of action presents the issue as to whether plaintiff was riding in defendants' car as a passenger in which event they would be liable to him for injuries sustained as the result of mere lack of ordinary care, even though they might not be guilty of wilful misconduct. There is substantial evidence that the plaintiff was not riding in the automobile as the guest of the defendants. On the contrary, it appears with some conflict that the plaintiff was riding in the car at the request of and for the benefit of defendants. They were taking him to inspect a grove of spruce trees. They were engaged in selling automobiles and trucks. The plaintiff told them he would buy a truck of them if they could show him where he could procure spruce trees for cutting and marketing. If that was his mission at the time of the accident, the plaintiff was not riding in the defendants' car as their guest, and it was then unnecessary to prove they were guilty of wilful misconduct under the provisions of section 141¾ of the California Vehicle Act, to entitle him to recover damages. It was therefore erroneous to instruct the jury that if they should find the defendants were not guilty of wilful misconduct, they must render a verdict in favor of them. The instruction specifically prohibits the jury from considering the issues presented by the first cause of action by informing them that if they found that the defendants were not guilty of wilful misconduct, they must find a verdict in favor of defendants even though they "may have been guilty of negligence or even gross negligence".

This challenged instruction was taken from the case of *Gibson* v. *Easley,* 138 Cal. App. 303, 307 [32 Pac. (2d) 983],

wherein the judgment was affirmed on appeal. But in that case it was not contended the plaintiff was riding with the defendant "as a passenger". In fact, it was conceded in that case he was riding in the machine as the guest of the defendant. The instruction was therefore properly given in the Gibson case. But it was improperly given in the present case.

For the same reason defendants' instruction number 31 was also erroneous. After defining the term "wilful misconduct", the jury was again informed that if they found that "William H. Jewett did not intentionally or with wilful disregard of consequences, commit the act or omission or commission which proximately caused injury to the plaintiff . . . your verdict must be for the defendant and against the plaintiff, Roland Ellis". These instructions must have been misleading and prejudicial. They furnish ground for a new trial.

We are of the opinion the first paragraph of the following instruction which was given to the jury, at the request of the defendants, is also erroneous. The objectionable portion stands alone, and reads as follows:

"If you find from the evidence that the defendant William H. Jewett was not guilty of negligence in the operation of his said automobile at the time and place referred to in the first cause of action in the amended complaint, then the question as to whether the said plaintiff was a passenger in said automobile becomes immaterial, and in such event . . . your verdict should be for the defendants."

In effect this instruction charges the jury that if they find the defendant was not guilty of negligence as charged in the first count of the amended complaint they must find a verdict for the defendants. That instruction disregards the fact that the defendants were also charged in the second count with wilful misconduct in the operation of the machine. It has been held that wilful misconduct is something more and different from mere negligence. If the defendants were found to be guilty of wilful misconduct, then the plaintiff would be entitled to recover damages whether he was riding in their machine as a guest or as a passenger. It was error to direct a verdict in favor of defendants upon the mere finding that they were not guilty of negligence as charged in the first count.

Several of the instructions which were given in the present case illustrate the danger of giving to the jury formula or argumentative instructions which are based on hypothetical statements of facts and which end with the too common phrase that if the jury finds such facts to be true they must render a verdict in favor of the party offering the instruction. In this case several such instructions deal with only one of the separate causes of action which are contained in the complaint without reference to the other count. Since these separate causes were founded on radically different theories of the case, it is apparent that the determination of one cause favorable to the defendants did not necessarily mean that the plaintiff was therefore absolutely precluded from recovering damages. We are of the opinion these instructions are misleading under the circumstances of this case.

The chief controversy on this appeal from the order granting a new trial is the question as to whether the court erred in giving to the jury at the request of the plaintiff an instruction on the doctrine of *res ipsa loquitur*. Assuming that the doctrine is applicable to the facts of this case, then two other erroneous instructions were given to the jury at the request of the defendants which conflict with that doctrine by specifically informing the jury that the presumption of the defendants' freedom from negligence "continues throughout the entire case". If the doctrine of *res ipsa loquitur* is properly involved in this case, then these two challenged instructions were erroneous and prejudicial, and for that additional reason the court was warranted in granting a new trial. These instructions of defendants are numbered 11 and 12, and read as follows:

(11) "There is a presumption in law that William H. Jewett was free from fault in driving the automobile, and *this is a presumption which continues throughout the entire case, and must be considered by you in deciding the issues involved in the case.*"

(12) "No presumption of negligence on the part of William H. Jewett arises from the mere happening of the accident. If you find that the evidence is so equally balanced in weight and quality upon the question of whether William H. Jewett was or was not negligent that the scales of proof hang even upon that issue, then I instruct you that plaintiff under such circumstances would not be entitled to a verdict."

It is clear that if the pleadings and proof in this case rendered the application of the doctrine of *res ipsa loquitur* proper, then a presumption of negligence on the part of the defendants was established, and the burden shifted to them to explain the cause of the accident and to purge themselves of this presumption. In that event their instruction, number 11, was clearly erroneous, for it informs the jury, in effect, that no such presumption of their negligence existed, and that on the contrary the jury must presume the defendants were free from negligence "throughout the entire case", regardless of proof of *res ipsa loquitur*.

The appellants assert that the plaintiff waived his right to rely on the doctrine of *res ipsa loquitur* by specifically alleging just what act caused the accident. (19 Cal. Jur. 713, sec. 127; *Marovich* v. *Central California Traction Co.*, 191 Cal. 295, 305 [216 Pac. 595].) It is true that the second cause of action charges the defendants with "wilful misconduct, as follows, to-wit: defendants wilfully drove and operated said automobile at a high, dangerous, and excessive rate of speed". If that were the only issue involved in this case we are of the opinion plaintiff would be confined to proof of a dangerous and excessive rate of speed to entitle him to recover damages, and that he would then be barred from relying upon the doctrine of *res ipsa loquitur*. But the plaintiff alleged a separate and distinct cause of action in his first count of the complaint, in which he charged *in general terms only* that the defendants "drove said automobile carelessly and negligently, and that as a result thereof the said automobile overturned". This general plea of negligence does not preclude the plaintiff from relying on the doctrine of *res ipsa loquitur*.

It is the settled rule in this state that where negligence is pleaded both generally and specially, as it was in the present case, the doctrine of *res ipsa loquitur* may be relied upon. (*McComas* v. *Al. G. Barnes Shows Co.*, 215 Cal. 685, 697 [12 Pac. (2d) 630]; *Queirolo* v. *Pacific Gas & Elec. Co.*, 114 Cal. App. 610, 616 [300 Pac. 487]; 19 Cal. Jur. 713, sec. 127; 79 A. L. R. 59, note.) In the authority last cited it is said:

"While the doctrine [of *res ipsa loquitur*] is inapplicable to support allegations of specific acts of negligence only, yet, *if the plaintiff has made general allegations of negligence as*

*well as specific allegations,* he may rely upon the doctrine to support the general allegations.''

It follows that under the pleadings in this case the court was authorized to give to the jury the instruction on the doctrine of *res ipsa loquitur.* ■ The only remaining question is whether there is substantial evidence to warrant the application of that doctrine.

The principle of *res ipsa loquitur* has been held to be applicable to the driver of an automobile having the exclusive management and control of the machine in which plaintiff is riding as an invited guest or passenger regardless of whether he is being conveyed for hire or not. (*Crooks* v. *White,* 107 Cal. App. 304, 308 [290 Pac. 497] ; *Brown* v. *Davis,* 84 Cal. App. 180 [257 Pac. 877] ; *Cookson* v. *Fitch,* 116 Cal. App. 544 [3 Pac. (2d) 27] ; *O'Connor* v. *Mennie,* 169 Cal. 217, 223 [146 Pac. 674].) It is said in the O'Connor case, *supra,* that it has been frequently held the doctrine of *res ipsa loquitur* applies,

''When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care.''

The theory upon which automobile accidents may properly involve the doctrine of *res ipsa loquitur* is that the passenger may have no knowledge of what caused the accident, while the operator, who has the sole management of the machine, is in a better position to determine and explain the cause thereof. In spite of the fact that in the ordinary course of operating automobiles on public highways a multitude of accidents do occur the cause for which no one is able to account, nevertheless, the doctrine of *res ipsa loquitur* has been applied to such cases where the plaintiff does not know the cause of the accident.

Where there is substantial evidence to support the theory of *res ipsa loquitur,* it is the duty of the court to give to the jury any proper instructions which are offered by either party to the action upon that subject.

In the present case, while there is a sharp conflict regarding the facts which render the doctrine applicable, there is substantial evidence that William H. Jewett had the sole manage-

ment and operation of the defendants' automobile; that the plaintiff was riding in the machine as an invited passenger of the defendants; that the plaintiff and defendants were not engaged in a joint enterprise or adventure, but on the contrary that defendants were conveying plaintiff, for their own benefit, to show him where he might procure spruce trees to be cut and marketed, since plaintiff had informed them he would buy a truck from them if they would show him where he might obtain the spruce; that the plaintiff was riding in the back seat of the car and had no control over, participation in or knowledge concerning the actual operation of the machine; that it was raining, the pavement was slippery and the defendant was driving at a high rate of speed estimated at 60 miles an hour when the car suddenly left the highway and turned over, seriously injuring the plaintiff. The plaintiff thought that the accident occurred because of an excessive rate of speed, but he did not know the cause. He testified that he was not sure of the cause of the accident. On the contrary, the defendants' witnesses testified that they were not driving the machine at an excessively rapid or dangerous rate of speed. The plaintiff testified regarding the cause of the accident:

"Of course it was awfully hard to tell what really happened, but it appeared to me that there was a slight curve in the road and we either curved more than the road did, or at any rate that is, the impression that I got that the car all of a sudden just took off like an airplane and the next thing I knew we crashed."

Under the circumstances of this case we are of the opinion the court properly instructed the jury with respect to the doctrine of *res ipsa loquitur,* and that defendants' instruction number 11, previously quoted, is in direct conflict therewith, regarding the presumption of negligence on the part of the defendants. The last-mentioned instruction is, therefore, erroneous, and a new trial was properly granted on that ground.

The order is affirmed.