[Civ. No. 11460.   Second Appellate District, Division Two.—August 2, 1937.]

CHARLES E. ENGLAND, Respondent, v. HOSPITAL OF THE GOOD SAMARITAN (a Corporation), Appellant.

Gibson, Dunn & Crutcher and Philip C. Sterry for Appellant.

William K. Young for Respondent.

WOOD, J.—Defendant prosecutes this appeal from an order of the trial court granting plaintiff's motion for a new trial after a jury had returned a verdict in defendant's favor. While plaintiff was a patient in the hospital conducted by defendant, on October 16, 1935, he was burned by hot water bottles negligently placed upon his body by a nurse in the employ of defendant and the action was commenced to recover damages for the injuries thereby caused. The action has been tried twice. After plaintiff had finished the presentation of evidence upon the first trial the court granted defendant's motion directing the jury to return a verdict in favor of defendant. An appeal was taken and the judgment was reversed by this court. (*England* v. *Hospital of the Good Samaritan,* 16 Cal. App. (2d) 640 [61 Pac. (2d) 48].) Defendant's application that the cause be heard and determined by the Supreme Court was denied. Upon the second trial the jury's verdict was in favor of defendant, whereupon the court granted a new trial, resulting in the present appeal.

In commencing their argument counsel for defendant requests the court to ''give serious consideration and study to the contentions herein advanced because of the importance to the many charitable institutions throughout the state. . . . '' We are not unmindful of the importance of the decision to the many hospitals in California which are

operated on the same general plan as defendant's hospital. Neither are we unmindful of the importance of the decision to the large number of patients who, being well able to pay for hospital care and not deeming themselves proper objects of charity, engage and pay for hospital accommodations in institutions actually earning a profit, little suspecting that they are considered the recipients of charity and that the institutions supplying accommodations to them are doing so under the claim that they are exempt from liability for the negligence of their employees on the ground that they are charitable institutions.

Plaintiff maintains that the order granting the new trial may be sustained on account of errors of law occurring at the trial, particularly referring to erroneous instructions given by the court at the request of defendant and the refusal of the court to give instructions requested by plaintiff.

■■■ The court refused to give plaintiff's requested instruction 4, as follows: ''You are instructed that the defense of non-liability because of its charitable character is unavailable to defendant, if you find from the evidence that plaintiff had no knowledge or belief that defendant claimed to be or was a charitable institution, and further provided you find that plaintiff paid its regular rates to defendant from which it derived a profit.'' Evidence was presented showing that plaintiff had no knowledge or belief that defendant claimed to be a charitable institution, that he paid for the accommodations and services at the regular rate charged, and that the hospital earned a profit during the year in which plaintiff was a patient. Upon the former appeal in this case this court said: ''We cannot hold that one who, without knowledge that a hospital claims to be a charitable institution and therefore exempt from liability, applies for admission and is received as a patient, paying the regular rates at which the hospital derives a profit, is without redress for injuries occasioned by negligence on the part of the employees of the hospital on the theory that he is accepting the benefits of charity from a benefactor. Our conclusion is in line with the decision in the Stewart case (*Stewart* v. *California Medical Assn.*, 178 Cal. 418 [176 Pac. 46]). The trial court erred in refusing to submit to the jury the issue of plaintiff's claim that the hospital was conducted for profit and defendant's claim that it was operated only for charity. The court should

also have submitted to the jury under appropriate instructions the question of plaintiff's knowledge of defendant's claim to nonliability on account of its charitable activities.'' The court at the time of rendering its decision had under consideration the question whether plaintiff had presented to the trial court sufficient evidence to justify submitting the issues to the jury. The court held that among other issues the trial court should have submitted to the jury the question of plaintiff's knowledge of defendant's claim to non-liability on account of its charitable activities. It would be inappropriate to now repeat the reasons for the decision on the former appeal. The reasons are set forth in the former opinion, wherein is reviewed the decision in *Stewart* v. *California Medical etc. Assn., supra,* the case on which our former opinion was based. The requested instruction should have been given to the jury.

█ Instructions given by the court were contradictory on the subject of the burden of proof. The court gave plaintiff's instruction 3: ''You are instructed that the burden of proof of proving by a preponderance of evidence that the hospital was a charitable one rests upon the defendant hospital.'' Defendant concedes this instruction to be correct, but at its request the court gave instruction IV: ''In this case plaintiff alleges in his complaint that the defendant was operating a hospital for profit and that he sustained certain personal injuries by reason of the alleged negligence of the defendant in caring for him. In this connection the court charges you that the burden is upon the plaintiff to prove by a preponderance of all the evidence all of the material allegations of the complaint. Unless plaintiff proves all of the material allegations of the complaint by a preponderance of all the evidence plaintiff cannot recover herein and your verdict must be against him and in favor of the defendant Hospital of the Good Samaritan.'' The question of the burden of proof was of great importance on the issue whether defendant hospital was a charitable institution. It was shown that a large majority of the patients paid for their accommodations and that the hospital was operated at a profit. It was also shown that a number of patients were cared for without charge and that the by-laws provided that the ''Corporation is organized not for profit . . . ''. Plaintiff was entitled to have an unequivocal instruction given to the jury

that the burden of proof rested upon defendant to establish by a preponderance of the evidence that the hospital was a charitable institution, together with appropriate instructions covering other issues involved.

■ Contradictory instructions were given to the jury on the rule of *res ipsa loquitur*. The court gave to the jury a general instruction embodying the principles of the rule of *res ipsa loquitur*. The court also gave to the jury defendant's instruction XXIII in the following language: "Mere proof of injury raises no presumption whatever of negligence upon the part of the defendant. The burden is upon the plaintiff to prove by evidence other than the mere fact that the plaintiff sustained injury, if you find such to be a fact, that the defendant was guilty of negligence proximately causing such injury." These instructions would naturally result in confusion in the minds of the jurors. Plaintiff was entitled to have given a definite, clear statement of the rule of *res ipsa loquitur*. (*Meyer* v. *McNutt Hospital,* 173 Cal. 156 [159 Pac. 436].)

■ Instruction XXV given by the court at the request of the defendant is as follows: "If you find from the evidence in this case that because of the plaintiff's condition a nurse employed by the defendant hospital applied external heat to the body of the plaintiff, and that a reasonably prudent and cautious nurse in the same or similar circumstances would have applied such heat to the plaintiff's body in the condition in which plaintiff then was physically and in the manner in which it was applied, and that as a consequence thereof the said patient was burned, then I instruct you that said nurse was not guilty of negligence and your verdict must be against the plaintiff and in favor of the defendant Hospital of the Good Samaritan." The instruction is open to the objection that it omits the qualification that the hypothetical nurse mentioned therein must have been exercising ordinary care and caution at the time of the application of the heat to plaintiff's body. It is also silent on the issue of negligence in the matter of allowing the hot water bottle to remain upon plaintiff's body for an excessive length of time.

■ Plaintiff complains of the giving of a number of other instructions to the jury charging that they are argumentative, inaccurate, and confusing. In a number of instances the trial court in giving instructions singled out specific facts

and told the jury that such facts were insufficient proof. One of these instructions, defendant's XI, is as follows: "You are instructed that the fact that the defendant Hospital of the Good Samaritan received paying patients, including the plaintiff, from whom it derived a profit, is not of itself proof that the hospital was operated for the purpose of realizing a profit as distinguished from its operation as a charity." Since much evidence was given on the subject of the management of the hospital, its income, its method of charging patients and plaintiff's connection with the institution, such instructions would naturally tend to confusion in the minds of the jurors. In defendant's instruction XIX the court told the jury: "If you find from the evidence that the defendant Hospital of the Good Samaritan was operated for charitable purposes, and you also find that it was guilty of a want of ordinary care in the selection of the nurses who treated plaintiff, then before the defendant would be liable in damages for such want of ordinary care, if any, it must appear that such want of ordinary care, if any, upon its part, proximately caused injury to plaintiff. On the other hand, if you find that defendant was a charitable institution and that an employee of the defendant negligently treated the plaintiff and that such negligence, if any, of said employee was the proximate cause of plaintiff's injury and not the want of ordinary care upon the part of the defendant, if any, in the selection of such nurse, then the defendant is not liable for the negligence, if any, of such nurse." We will not attempt to analyze the instruction. It would be a difficult task for a jury composed of skillful lawyers. This instruction, given as it was among a large number of others, must have left the minds of the jurors in a state of bewilderment.

The order is affirmed.

Crail, P. J., concurred.

Mr. Justice McComb took no part in the consideration or decision of this case.