[Civ. No. 8756.    Third Dist.    July 5, 1956.]

WILEY WILSON BALTHROP, Respondent, v. ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation) et al., Appellants.

Robert W. Walker, William F. Brooks, Rutherford, Jacobs, Cavalero & Dietrich, D. R. Jacobs and Stephen Dietrich for Appellants.

Neumiller, Ditz, Beardslee & Sheppard, Dudley W. Sheppard, Hawkins & Hawkins and Fred W. Hawkins, Jr., for Respondent.

McMURRAY, J. pro tem.*—After a jury verdict in favor of defendants the court granted a motion for a new trial upon the grounds that the evidence was insufficient to sustain the verdict; that there was error in an instruction given by the court; and that facts were concealed by a juror in his answers on *voir dire*. The action arose out of a railroad crossing accident in which plaintiff's car was struck by defendants' train.

Appellants complain that the order for a new trial should not have been made, that the court abused its discretion, because, appellants urge, the respondent's own testimony and evidence introduced by him established that as a matter of law he was guilty of contributory negligence.

The accident here involved occurred shortly after midnight at a crossing on appellants' mainline tracks. The crossing was a nonobstructed country crossing, and respondent was familiar with it. At the time of the accident there was no wigwag, blinker, or other automatic crossing signal at this crossing, but the highway was posted with a standard highway sign, an advanced disc shaped railroad warning sign and a painted pavement warning sign, some 200 feet south of the crossing. The train consisted of a power unit and eight cars. The evidence was conflicting as to whether or not the warning whistle was being sounded as the train approached the crossing at an admittedly high rate of speed, estimated up to 85 miles an hour. All parties agree that it was a foggy night, although there is conflicting evidence as to the extent of visibility.

Respondent testified that he stopped his car several hundred feet from the crossing, that he got out, walked around a bit and then reentered the car and drove almost all the

---

*Assigned by Chairman of Judicial Council.

way across the tracks without again stopping before the train hit his car. He testified that he looked to his right and left before he crossed the tracks but did not see anything. His windshield wipers were operating, and the window by the driver's seat was rolled down. The respondent claims that he was driving slowly at all times.

■ Appellants claim the respondent was negligent in looking for the train, because the tracks across the road are at an acute angle, and if one looked to the right and left he would not see the track; he would see open fields; that in order to exercise ordinary care, being familiar with the crossing as was respondent, respondent should have looked almost directly to his rear. This, it would appear, is a somewhat rigid construction of the respondent's testimony. When one says he looks to the right and left, it does not necessarily mean that he looks exactly to the right and exactly to the left, but may well mean that he looked to the entire arc of vision to his right or left. ■■ Appellants further claim that upon cross-examination the testimony of respondent that he did not hear any train whistle, any train bells, or any noise of the train, shows contributory negligence. Again we feel that this testimony may well be construed to mean that he listened but did not hear, and we take it to be the rule that "where it is shown that a driver has exercised some care, the question whether or not the care actually exercised was due and sufficient will always be a matter for determination by the jury." (*Startup* v. *Pacific Elec. R. Co.*, 29 Cal.2d 866, 871 [180 P.2d 896].) The respondent's testimony here that he looked is certainly evidence of some care. His testimony that he did not hear can certainly carry the inference that he listened but did not hear.

■ This is an appeal from an order granting a new trial, which is a matter within the discretion of the trial court which will not be interfered with by an appellate court unless a "manifest and unmistakable abuse" of discretion is shown (*Sloboden* v. *Time Oil Co.*, 131 Cal.App.2d 557, 558 [281 P.2d 85]), and when it is further considered that "The trial court in passing on respondent's motion for a new trial was entitled to weigh the evidence, and in the instant case, where, as hereinbefore pointed out, there was a conflict in the evidence and the inferences to be drawn therefrom, it cannot be held that the trial court abused its discretion in granting respondent's motion for a new trial." (*Bruns* v. *Southern Pac. Co.*, 132 Cal.App.2d 142, 151 [281 P.2d 531].) It cannot

be held that respondent here was guilty of contributory negligence as a matter of law, nor can it be held that the trial court abused its discretion in granting the motion for a new trial.

The court also granted a new trial upon the ground that a certain instruction given was too broad and should have been qualified as was the instruction approved in *Martindale* v. *Atchison, T. & S. F. R. Co.*, 89 Cal.App.2d 400, 417 [201 P.2d 48]. Appellants claim that the instruction given was correct, but that in any event, later instructions cured the defect. The instruction considered by the trial court did not state that the railroad would be held to the standard of a prudent man operating a similar facility, it merely stated that appellant was under no duty to have any protective equipment at the crossing. The instruction did not fully and properly state appellant's duties since the jury could infer from it that lack of equipment could never be negligence since there was no specific statute or duty which required it. If the instruction was too broad, an appellate court will not reverse the trial court's decision in granting a new trial upon that ground. It has been said "If the challenged instruction was erroneous in any degree, or even if it was only 'fairly debatable' that such instruction may have been misleading, the broad discretion of the trial court may not be disturbed, . . ." (*Sloboden* v. *Time Oil Co., supra.*) ▇ The mere fact that the error or misstatement in the instruction may have been cured by subsequent or other instructions does not constitute it an abuse of discretion for the trial court to grant a new trial since it is within its discretion to determine whether or not the principal instruction was so misleading as to constitute an error. ▇ As a further ground for granting the motion for new trial the trial court determined that one juror deliberately concealed facts on *voir dire*. That this is a proper reason to grant a new trial is quite apparent. (*Lindemann* v. *San Joaquin Cotton Oil Co.*, 5 Cal.2d 480 [55 P.2d 870].)

The order appealed from is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied July 27, 1956, and appellants' petition for a hearing by the Supreme Court was denied August 30, 1956.