[L. A. No. 24748.   In Bank.   Mar. 28, 1958.]

ERNEST SHAW, Respondent, v. PACIFIC GREYHOUND
LINES (a Corporation), Appellant.

Moss, Lyon & Dunn, Gerold C. Dunn and Henry F. Walker for Appellant.

Milan Medigovich for Respondent.

GIBSON, C. J.—Plaintiff, a passenger on one of defendant's buses, brought this action for injuries to his knee allegedly resulting from the negligence of the driver in suddenly reducing the speed of the bus. Pursuant to a verdict, judgment was rendered in favor of defendant. A new trial was granted upon the ground that there had been an error of law occurring at the trial. Defendant has appealed.

The testimony of plaintiff may be summarized as follows: He boarded the bus at Corona del Mar about 12:30 in the morning and sat in the second seat behind the driver. About 30 minutes later, while the bus was traveling at a speed of approximately 65 miles an hour, it suddenly slowed down as though there had been a severe application of the brakes. Plaintiff was thrown against the seat in front of him, and, as a result, his knee was injured. Before the bus reached the next stop, Doheny Palisades, plaintiff informed the driver that he had been injured by the movement of the bus and that he was in "terrific pain." At the Doheny Palisades stop plaintiff attempted to get up but was unable to do so. When the bus arrived in San Diego he was met by two claims adjusters for defendant who helped him off the bus and drove him to a hospital. X-rays were taken of his knee, and his leg was placed in a cast. Plaintiff said that several hours before he boarded the bus at Corona del Mar he had had four highballs, a full-course dinner, and an after-dinner drink, but that he did not become intoxicated.

The bus driver testified that plaintiff stumbled when he entered the bus at Corona del Mar and that there was an odor of alcohol on his breath. The driver said that he did not apply the brakes of the bus abruptly during the portion of the trip in question, that plaintiff first complained of his

injury at the Doheny Palisades stop, and that plaintiff was then standing on the ground outside the bus, holding onto the door.

Other witnesses testified that plaintiff was intoxicated shortly before he got on the bus and that the brakes of the bus were not applied suddenly. According to a person employed by defendant who was present when plaintiff was questioned by a claims adjuster, plaintiff said that the bus was going from 35 to 40 miles an hour when he was hurt and that he first told the driver of his injury when the bus stopped at Doheny Palisades.

The jury was instructed: "The mere fact that an accident happened, considered alone, does not support an inference that some person, or any party to this action, was negligent."

Although it is proper in many cases to give an instruction that the mere happening of an accident does not support an inference of negligence, a problem arises where, as here, there is evidence warranting the application of the doctrine of res ipsa loquitur. It is apparent that an instruction like the one quoted above contains an idea which might be understood by a layman to be inconsistent with the doctrine of res ipsa loquitur. (*Brown* v. *George Pepperdine Foundation*, 23 Cal. 2d 256, 261-262 [143 P.2d 929] ; *England* v. *Hospital of Good Samaritan*, 22 Cal.App.2d 226, 230 [70 P.2d 692] ; *Ellis* v. *Jewett*, 18 Cal.App.2d 629, 634 [64 P.2d 432].) The direction that the mere happening of an accident, considered alone, does not support an inference of negligence would appear to contradict the usual statement of the doctrine of res ipsa loquitur as found in the typical instructions given on the subject, namely, that an inference arises from the happening of the accident that the proximate cause of the occurrence was some negligent conduct on the part of the defendant. In the absence of a proper explanation of the relationship between the two instructions, the words "mere" and "considered alone" might not prevent laymen from erroneously concluding that under no view of the evidence could an inference of negligence be drawn from the happening of the accident. And it has been held that where both instructions were given without explanation, an order granting a new trial should be affirmed. (*Brown* v. *George Pepperdine Foundation*, 23 Cal.2d 256, 261-262 [143 P.2d 929] ; *England* v. *Hospital of Good Samaritan*, 22 Cal.App.2d 226, 230 [70 P.2d 692] ; *Ellis* v. *Jewett*, 18 Cal.App.2d 629, 634 [64 P.2d 432].)

In *Jensen* v. *Minard*, 44 Cal.2d 325, 329 [282 P.2d 7], it was held that the giving of the mere happening of an accident

instruction was prejudicial error where it had been conceded by the parties that defendant had fired a bullet which killed a child. It was pointed out that, in view of the concession, the instruction in effect told the jury that the fact that the child was killed by the defendant's act afforded no evidence of negligence. The opinion then stated that, even though instructions on the doctrine of res ipsa loquitur were not requested, the jury should not have been foreclosed from considering the evidence provided by the happening of the accident itself.

█ Plaintiff's testimony in the present case would support findings that he was injured when he was riding as a passenger on defendant's bus, that the injury resulted from a sudden slowing of the vehicle due to a severe application of the brakes, and that no improper conduct by plaintiff proximately contributed to his injuries. This evidence entitled plaintiff, upon request, to instructions on the doctrine of res ipsa loquitur. (*Hardin* v. *San Jose City Lines, Inc.*, 41 Cal.2d 432, 435 et seq. [260 P.2d 63] ; *St. Clair* v. *McAlister*, 216 Cal. 95, 97 et seq. [13 P.2d 924].) █ On the other hand, the jury could reasonably have found from the evidence that the bus did not slow down suddenly, that plaintiff was intoxicated and that, because of his condition, he fell and injured himself through no fault of the driver. Under this view of the evidence, the injury did not, as plaintiff claimed, result from the negligent operation or management of the vehicle, and he was not entitled to the inference afforded by the application of res ipsa loquitur. (See *Hardin* v. *San Jose City Lines, Inc.*, 41 Cal.2d 432, 435-437 [260 P.2d 63] ; *Mudrick* v. *Market Street Ry. Co.*, 11 Cal.2d 724, 731 [81 P.2d 950, 118 A.L.R. 533] ; *Freitas* v. *Peerless Stages, Inc.*, 108 Cal.App.2d 749, 757 [239 P.2d 671, 33 A.L.R.2d 778].) The doctrine was not, therefore, applicable as a matter of law, and this case does not come within the rule announced in *Jensen* v. *Minard*, 44 Cal. 2d 325 [282 P.2d 7].

In *Barrera* v. *De La Torre*, 48 Cal.2d 166, 170 et seq. [308 P.2d 724], where, because of the factual situation, it did not appear that res ipsa loquitur was applicable as a matter of law and no instruction upon the doctrine was requested or given, the court in affirming a judgment for defendant held that it was not error to instruct the jury that the mere fact that an accident happened does not support an inference of negligence. As we have seen, however, where both the mere happening

of the accident and the res ipsa loquitur instructions were given without explanation of the conflicting ideas contained in the two instructions, it has been held that the trial court was justified in granting a new trial. (*Brown* v. *George Pepperdine Foundation*, 23 Cal.2d 256, 261-262 [143 P.2d 929]; *England* v. *Hospital of Good Samaritan*, 22 Cal.App.2d 226, 230 [70 P.2d 692]; *Ellis* v. *Jewett*, 18 Cal.App.2d 629, 634 [64 P.2d 432].)

▮ The following instruction on res ipsa loquitur offered by plaintiff was refused: ''If, and only in the event, you should find that there was an accidental occurrence as claimed by the plaintiff, namely: ————————————; and if you should find that from that accidental event, as a proximate result thereof, plaintiff has suffered injury, you are instructed as follows: an inference arises that the proximate cause of the occurrence in question was some negligent conduct on the part of the defendant. That inference is a form of evidence, and if there is none other tending to overthrow it, or if the inference preponderates over contrary evidence, it warrants a verdict for the plaintiff. Therefore, you should weigh any evidence tending to overcome that inference, bearing in mind that it is incumbent upon the defendant to rebut the inference by showing that he (it) did, in fact, exercise ordinary (the utmost) care and diligence or that the accident occurred without being proximately caused by any failure of duty on his (its) part.'' (2 Cal. Jury Instns., Civ. (4th rev. ed. 1956) No. 206, pp. 636-637.)

The requested instruction was incomplete in that plaintiff did not fill in the blank space after the word ''namely,'' and it was also defective because of plaintiff's failure to choose between the alternatives offered by the words appearing in parentheses and to make the appropriate deletions. ▮ A trial judge is not required to correct a requested instruction which is incomplete or erroneous. (*Tossman* v. *Newman*, 37 Cal.2d 522, 525 [233 P.2d 1]; *Davis* v. *Johnson*, 128 Cal.App. 2d 466, 473 [275 P.2d 563]; *Bertolozzi* v. *Progressive Concrete Co.*, 95 Cal.App.2d 332, 337-338 [212 P.2d 910].)

Since it cannot be said as a matter of law that the doctrine of res ipsa loquitur is applicable here, and since the court was not required to give the inaccurate instruction offered by plaintiff and no instruction on the subject was given, we would probably have affirmed the judgment under the rule of *Barrera* v. *De La Torre*, 48 Cal.2d 166 [308 P.2d 724], had the court not granted the motion for a new trial. The ques-

tion presented here, however, is whether the court under the circumstances abused its discretion in granting a new trial.

██ ██ The determination of a motion for a new trial rests so completely within the court's discretion that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears, and the order will be affirmed if it may be sustained on any ground, although the reviewing court might have ruled differently in the first instance. (*Brandelius* v. *City & County of San Francisco*, 47 Cal.2d 729, 733-734 [306 P.2d 432].) In the Brandelius case it was stated that the granting of a new trial could be reversed "only if . . . the questioned instruction was absolutely accurate and under no reasonable interpretation could possibly have misled or confused the jury." (47 Cal.2d at p. 745.) ██ It has also been said that the power of the judge to do justice by ordering a new trial is not impaired even though the moving party is technically estopped to claim error or has waived his right to complain. (See *Hoel* v. *City of Los Angeles*, 136 Cal. App.2d 295, 307 [288 P.2d 989]; *Conroy* v. *Perez*, 64 Cal.App. 2d 217, 226-227 [148 P.2d 680]; *Nieves* v. *Vigolino*, 135 Cal. App. 763, 765 [27 P.2d 916].) ██ Of particular significance here is the statement made in a recent decision which sustained an order granting a new trial: "If the challenged instruction was erroneous in any degree, or even if it is only 'fairly debatable' that such instruction may have been misleading, the broad discretion of the trial court may not be disturbed. . . ." (*Bolton* v. *Martin*, 126 Cal.App.2d 178, 180 [271 P.2d 991]; see also *Sloboden* v. *Time Oil Co.*, 131 Cal.App.2d 557, 559 [281 P.2d 85]; *Balthrop* v. *Atchison, T. & S. F. Ry. Co.*, 142 Cal.App.2d 823, 826 [299 P.2d 341].)

██ The minor defects in the res ipsa loquitur instruction could have been easily cured by striking out the word "namely," eliminating the blank space, and choosing the alternatives which were obviously appropriate. The drawing of the inference afforded by the doctrine of res ipsa loquitur was of great importance to plaintiff's case, and, in view of all the circumstances, we cannot say that the trial court abused its broad discretionary powers in granting a new trial.

The order is affirmed.

Shenk, J., Traynor, J., and Spence, J., concurred.

CARTER, J.—I concur in the judgment of affirmance. The instruction that "The mere fact that an accident happened, considered alone, does not support an inference that some

person or any party to this action, was negligent," was clearly erroneous (see my concurring opinion, *Phillips* v. *Noble, post* p. 163 [323 P.2d 385]). Since the trial court granted a new trial we are not here concerned with the question of prejudice. (*Bolton* v. *Martin,* 126 Cal.App.2d 178 [271 P.2d 991] ; *Sloboden* v. *Time Oil Co.,* 131 Cal.App.2d 557 [281 P.2d 85] ; *Balthrop* v. *Atchison, T. & S. F. Ry. Co.,* 142 Cal.App.2d 823 [299 P.2d 341].)

In my opinion it was the obvious duty of the trial judge to make any corrections necessary in the proposed instruction on res ipsa loquitur and to give it to the jury. Because of the error committed in giving the instruction above quoted and in refusing to give an instruction on res ipsa loquitur, the order granting a new trial must be affirmed.

SCHAUER, J., Dissenting.—I cannot agree with the majority's holding that it was error, and that the trial judge properly found it to be prejudicial error, to instruct the jury that "The mere fact that an accident happened, considered alone, does not support an inference that some person, or any party to this action, was negligent."

The fact that an accident happened *considered with other circumstances* may *in the light of those circumstances* support an inference of negligence. But the "mere fact that an accident happened, considered alone," cannot ever prove negligence of any person if for no other reason than that the narrow hypothesis of such statement excludes from its purely abstract concept evidence of any circumstance whatsoever indicative of the cause of the accident or showing the connection of any person with the accident either as causing it or being injured by it. Likewise, the "mere fact that an accident happened, considered alone," severs the hypothesis from the circumstance that an instrumentality may have been involved in the accident, and if an instrumentality was involved, it excludes the effect of proof that any person was in control, or responsible for management, control or condition, of such instrumentality. Manifestly, the "mere fact that an accident happened, considered alone," does not include consideration of a showing that the accident did not happen to a trespasser on private property, or that it did occur on a public highway, or to a passenger in a vehicle whether as a guest or a fare-paying patron of a common carrier, or of any other circumstance whatsoever.

The majority assert that "The direction that the mere happening of an accident, considered alone, does not support an

inference of negligence would appear to contradict the usual statement of the doctrine of res ipsa loquitur as found in the typical instructions given on the subject, namely, that an inference arises from the happening of the accident that the proximate cause of the occurrence was some negligent conduct on the part of the defendant. In the absence of a proper explanation of the relationship between the two instructions, the words 'mere' and 'considered alone' might not prevent laymen from erroneously concluding that under no view of the evidence could an inference of negligence be drawn from the happening of the accident.''

The above quoted declaration appears to me to be unjustiable. It appears to be more concerned with the interests of the claimant than with fairness of the trial. Heretofore the law has been that much more than the ''mere happening of an accident, considered alone'' must be shown to support an inference of negligence. Even the learned author of the majority opinion in this case has in the past recognized that there must be some rational basis of probability in fact for the inference of negligence and some factual showing of some connection through *control, management* or *responsibility* between the defendant and the instrumentality, if any, causing the injury to the plaintiff. (See e.g., *Escola* v. *Coca Cola Bottling Co.* (1944), 24 Cal.2d 453, 457 [1] et seq. [150 P.2d 436]; *Ybarra* v. *Spangard* (1944), 25 Cal.2d 486, 489 [1] [154 P.2d 687, 162 A.L.R. 1258]; *Zentz* v. *Coca Cola Bottling Co.* (1952), 39 Cal.2d 436, 440 et seq. [247 P.2d 344]; *Burr* v. *Sherwin Williams Co.* (1954), 42 Cal.2d 682, 687 [2] [268 P.2d 1041].)

The language of the quoted instruction is clear and unless the law is to be materially changed to an extent not delimited by the majority it merely declares an uncontrovertible truth. The giving of it is simply an aid to the layman juror, designed to assist him in gaining a true and clear understanding of the law upon which liability of the defendant *justifiably* may be found; it tends to preclude him from being misled into believing that proof of an accident without more is proof of fault on the part of any person involved. It serves to make clear to the jurors that it is not the mere *happening* of the accident, but is in the circumstances *causing* it, that fault and liability may be found.

Our concern should be addressed to both parties, to the end that each may have justice under the law. It is especially important that the subject instruction be given whenever

the res ipsa loquitur instruction is given, lest the jurors be misled as to the essentials for application of the latter doctrine. If the res ipsa doctrine is lawfully to be applicable in any case, then certainly much more must be proven, and necessarily must be considered in determining whether the defendant was negligent, than the "mere fact that an accident happened, considered alone." The issue to be resolved in such cases is not merely did an accident happen, but, rather, do the circumstances relative to the *cause of the accident* reasonably indicate that the defendant was negligent and that his fault was a proximate cause of the accident?

An enumeration of the elements essential to warrant invocation of the res ipsa doctrine in resolving the issue demonstrates that the instruction complained of here is in no way inconsistent with proper application of res ipsa when its elements are proven. To hold that it would be error in a res ipsa loquitur case to instruct that the "mere fact that an accident happened, considered alone, does not support an inference that . . . any party to this action, was negligent," is either to belie all other[1] supposed essential elements of res ipsa, or to conceal or de-emphasize and confound them to the bemuddlement of jurors. The innocent declaration of the subject instruction does nothing worse than tend to make the jurors understand that liability, if it exists, must be found in the *cause*, not the mere happening, of the accident

I take further issue with the majority on the ground that their holding essentially implies that jurors are stupid, too stupid to understand the meaning of the simple words appearing in the criticized instruction, or to correlate its concept to other instructions and the evidence. My observation of jurors in action supports a conclusion quite to the contrary. Certainly we must recognize that jurors are laymen, many of them unlearned in the law, and they are entitled to every help the court can give them. But it should not be presumed that they can understand all other instructions except the simple one quoted above. In my view the subject instruction would tend to clarify, not to confuse, the applicable law and, hence, to protect the jurors against inappropriate inferences based on the mere happening of the accident and without proof of all the elements prerequisite to the res ipsa loquitur inference.

The opinion of the majority here appears to be another

---

[1]Other than the "mere fact that an accident happened, considered alone."

considered step toward the goal foreseen in the dissent in *Butigan* v. *Yellow Cab Co.* (1958), 49 Cal.2d 652, 661, 664-665 [320 P.2d 500].

For the reasons above stated I would reverse the order granting a new trial.

McComb, J., concurred.

Appellant's petition for a rehearing was denied April 23, 1958. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.