[Civ. No. 23269.   Second Dist., Div. Two.   Dec. 22, 1958.]

NINA AMAR et al., Respondents, v. UNION OIL COMPANY OF CALIFORNIA (a Corporation) et al., Appellants.

Veatch, Thomas & Carlson and Henry F. Walker for Appellants.

William B. Murrish and Robert A. Cushman for Respondents.

FOX, P. J.—Judgment was entered in favor of defendants at the conclusion of a jury trial in which plaintiffs sought to recover damages for personal injuries. Plaintiffs' motion for a new trial based on the ground that error was committed in giving certain instructions was granted and defendants appeal from the order granting the new trial.

Defendant Wadlow was employed by the defendant company as a gasoline truck driver. While driving a fully loaded company truck westbound on the Hollywood Freeway, Wadlow lost control of the vehicle, which subsequently crossed over a divider into the eastbound traffic. The automobile in which the plaintiffs were riding, which was eastbound, crashed into the rear of defendants' truck as it passed across the eastbound lanes. Wadlow, following the accident, was operated on for acute thrombosis of the right common carotid artery. It was defendants' position that Wadlow suffered a sudden paralyzing stroke without previous warning and that this was the cause of the accident. Plaintiffs, on the other hand, offered evidence that the stroke was not the cause of the accident but rather a result thereof. The evidence was also in conflict on other points. For example, there was conflicting testimony as to when the truck went out of control with respect to where it crossed the divider; whether Wadlow was slumped over the steering wheel and unable to use both his hands; and as to the cause and the time of the tire blowout on the defendants' truck.

The jury was instructed in part as follows: "In law we recognize what is termed an unavoidable or inevitable accident. These terms do not mean literally that it was not possible for such an accident to be avoided. They simply denote an accident that occurred without having been proximately caused by negligence." (BAJI 134.) "The mere fact that an accident happened, considered alone, does not support an inference that some party or any party to this action, was negligent." (BAJI 131.) "The mere fact that an accident happened, considered alone, does not give rise to a legal inference that it was caused by negligence or that any party to this action was negligent." (BAJI 131.1.) "From the happening

of the accident involved in this case as established by the evidence, an inference arises that the proximate cause of the occurrence was some negligent conduct on the part of the defendant. That inference itself is a form of evidence, . . .'' (BAJI 206-B.) The first three of these instructions were given at the defendants' request and the last upon plaintiffs' request.

The granting or denying of a motion for a new trial rests, to a great extent, with the sound discretion of the trial court and will be disturbed on appeal only where it is clearly shown that there has been an abuse of that discretion. (*Shaw* v. *Pacific Greyhound Lines,* 50 Cal.2d 153, 159 [323 P.2d 391] ; *Brandelius* v. *City & County of San Francisco,* 47 Cal. 2d 729, 733 [306 P.2d 432] ; *Mazzotta* v. *Los Angeles Ry. Corp.,* 25 Cal.2d 165, 169 [153 P.2d 338].) As stated in the Shaw case, *supra,* at page 159, ''[t]he determination of a motion for a new trial rests so completely within the court's discretion that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears, and the order will be affirmed if it may be sustained on any ground, although the reviewing court might have ruled differently in the first instance. (*Brandelius* v. *City & County of San Francisco,* 47 Cal.2d 729, 733-734 [306 P.2d 432].) In the Brandelius case it was stated that the granting of a new trial could be reversed 'only if . . . the questioned instruction was absolutely accurate and under no reasonable interpretation could possibly have misled or confused the jury.' [Citation.]''

Therefore, if the complained of instructions were in any sense misleading or confusing, the trial court's granting of a new trial must be affirmed. As to the question of the prejudicial effect of the instructions, assuming there was error, the following quotation from the Brendelius case, *supra,* at page 744, is controlling : ''Whether the giving of this erroneous instruction was prejudicial need not be determined by this court on this appeal from the order granting a new trial. It is true that section 4½ of article VI of our Constitution should control the action of the trial court in considering a motion for a new trial, but when the trial court has determined that the error in the instructions was prejudicial and has therefore granted the motion, the sole issue before the appellate court is whether the trial court has abused its discretion. (Citations.)''

Plaintiffs contend that (1) error was committed in giving BAJI 131 and 131.1, *supra,* in conjunction with an instruction on res ipsa loquitur in a case where res ipsa loquitur was

applicable under the undisputed facts, and (2) it was error to instruct on unavoidable accident.

■ Our Supreme Court has held where uncontradicted evidence warrants the application of the res ipsa loquitur doctrine, it is error to give the "mere fact of an accident" instruction (BAJI 131, 131.1). (*Alarid* v. *Vanier,* 50 Cal.2d 617, 625 [327 P.2d 897]; *Jensen* v. *Minard,* 44 Cal.2d 325, 329 [282 P.2d 7].) In the case at bar, although the evidence is in conflict as to certain aspects of the case, the factual situation necessary to bring the doctrine of res ipsa loquitur into operation exists without contradiction. (See *Zentz* v. *Coca Cola Bottling Co.,* 39 Cal.2d 436, 441 [247 P.2d 344]; *Michener* v. *Hutton,* 203 Cal. 604, 607 [265 P. 238, 59 A.L.R. 480].) In *Shaw* v. *Pacific Greyhound Lines,* 50 Cal.2d 153, 156 [323 P.2d 391], the court stated that "[i]n the absence of a proper explanation of the relationship between the two instructions, the words 'mere' and 'considered alone' might not prevent laymen from erroneously concluding that under no view of the evidence could an inference of negligence be drawn from the happening of the accident. And it has been held that where both instructions were given without explanation, an order granting a new trial should be affirmed. (*Brown* v. *George Pepperdine Foundation,* 23 Cal.2d 256, 261-262 [143 P.2d 929]; *England* v. *Hospital of Good Samaritan,* 22 Cal. App.2d 226, 230 [70 P.2d 692]; *Ellis* v. *Jewett,* 18 Cal.App. 2d 629, 634 [64 P.2d 432].)"

Defendants maintain that there was sufficient explanation within the rule of the Shaw case in that, at plaintiffs' request, the court instructed as follows: "Now the instruction just given [on res ipsa loquitur] may appear to constitute an exception to the general rule that the mere happening of an accident does not support an inference of negligence. The instruction, however, is based upon a special doctrine of the law which may be applied only under special circumstances." Then, after setting forth these circumstances, the instruction concludes: "When all these conditions are found to have existed, they beget the inference of negligence and proximate cause concerning which I have instructed you. . . ." (BAJI 206-C.)

■ In a case where the undisputed evidence does not establish the applicability of res ipsa loquitur doctrine as in the Shaw case, *supra,* both parties are entitled to instructions consistent with their respective contentions, and it is not error to give BAJI 131 in conjunction with a res ipsa instruction so

long as the jury are clearly informed that if they find res ipsa applicable, the mere happening of an accident rule is not to govern. In such a situation, misconception and confusion are avoided. (*Bazzoli* v. *Nance's Sanitarium, Inc.*, 109 Cal.App.2d 232 [240 P.2d 672] ; *Seedborg* v. *Lakewood Gardens etc. Assn.*, 105 Cal.App.2d 449 [233 P.2d 943].) However, in a case, as the one at bar, where the evidence discloses without conflict that res ipsa loquitur is applicable, the jury is likely to be confused by the giving of the contradictory instruction and the saving grace of the explanatory instruction in those cases in which there is a conflict as to whether the doctrine is applicable has no such effect where the inference of negligence indisputably arises. The jury in the case at bar were first told that no inference of negligence arises because an accident happened; then they were told, due to the evidence in this case, such an inference does arise; finally, the jury was given the explanatory instruction above quoted. This latter instruction could not expunge the confusion which would naturally result in the minds of the jurors from the giving of the first two instructions for they were not told to choose between the two rules, but could have reasonably believed, as both were instructed upon, that somehow both rules were to apply or that they were in fact to make a choice even though not so directed. Consequently, as a result of this confusion, it is possible the jury did not give any weight to the res ipsa inference.

Plaintiffs were in no way precluded from raising the above objection by reason of the fact they requested the giving of BAJI 206-C which, incidentally, referred to the general rule that the mere happening of an accident does not support an inference of negligence. BAJI 206-C did not result in instructing the jury to the same effect as did BAJI 131 and 131.1.

Plaintiffs also questioned the giving of the unavoidable accident instruction (BAJI 134), such being the first instruction quoted in the statement of facts, *supra*. *Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652, 657-660 [320 P.2d 500], expressly held the giving of the unavoidable accident instruction was error in that such instruction served no useful purpose and was confusing. (See also *Grant* v. *Mueller*, 160 Cal.App. 2d 804, 809 [325 P.2d 680] ; *Britton* v. *Gunderson*, 160 Cal. App.2d 66, 69 [324 P.2d 938].) Defendants, however, attempt to take the instant case out of the operation of the Butigan

decision. First, it is argued, as Butigan was decided after the judgment was rendered in the instant case, it should not be here applied but the prior rule which approved such instruction should instead govern this decision. The obvious answer is that the Butigan decision itself was given retroactive effect, as is common with judicial changes in the law.

Next, defendants suggest that the error sought to be avoided in the Butigan case was caused by the inclusion of additional language in the unavoidable accident instruction there given which was omitted in the present case.[1] That this position is without foundation is evidenced by the following quotations from Butigan where language common to the instruction given in the instant case is criticized: ''The statement in the quoted instruction on 'unavoidable or inevitable accident' that these terms 'simply denote an accident that occurred without having been proximately caused by negligence' informs the jury that the question of unavoidability or inevitability of an accident arises only where the plaintiff fails to sustain his burden of proving that the defendant's negligence caused the accident. Since the ordinary instructions on negligence and proximate cause sufficiently show that plaintiff must sustain his burden of proof on these issues in order to recover, the instruction on unavoidable accident serves no useful purpose.'' (P. 659.) ''The instruction is not only unnecessary, but it is also confusing. When the jurors are told that 'in law we recognize what is termed an unavoidable or inevitable accident' they may get the impression that unavoidability is an issue to be decided and that, if proved, it constitutes a separate ground of nonliability of the defendant. Thus they may be misled as to the proper manner of determining liability, that is, solely on the basis of negligence and proximate causation.'' (P. 660.)

Finally, defendants assert that the Supreme Court in

---

[1]Only the italicized portion of this instruction was given in the instant case.

''*In law we recognize what is termed an unavoidable or inevitable accident. These terms do not mean literally that it was not possible for such an accident to be avoided. They simply denote an accident that occurred without having been proximately caused by negligence.* Even if such an accident could have been avoided by the exercise of exceptional foresight, skill or caution, still, no one may be held liable for the injuries resulting from it. Bear in mind, however, that if any defendant failed to exercise ordinary care, and if that failure was a proximate cause of the accident in question, then, whether or not such conduct was the sole cause, the accident was not unavoidable, and the defense of unavoidability may not be maintained by that defendant.'' (49 Cal.2d at p. 657.)

the Butigan case expressly stated that in special situations it would be proper to give an unavoidable accident instruction, and that the instant case represents such a special situation. It is true that the Supreme Court excepted certain situations from the ruling of that case, for at page 660 the court stated: "There are situations where it may be necessary to explain the meaning of the words 'unavoidable accident,' for example, where a defendant is charged with a violation of section 602 of the Vehicle Code. That statute makes it a misdemeanor for a person to drive certain vehicles for more than a limited number of hours but provides that the 'section does not apply in any case of casualty or unavoidable accident or an act of God.' It . . . would be proper to explain to the jury the meaning of the terms contained in the exception. *The definition of the words 'unavoidable accident' as used in section 602 would not involve any of the problems which arise in connection with the challenged instruction.*" (Emphasis added.)

While we do not find it necessary to decide whether a special situation within the contemplation of the above quotation is limited to a case where a statute makes reference to an unavoidable accident (see *Rayner* v. *Ramirez*, 159 Cal.App.2d 372, 377-378 [324 P.2d 83]), it is clear that it is error to give the unavoidable accident instruction in a negligence case where plaintiff has the burden of proving that the complained of injury was proximately caused by the defendant's negligence where the ordinary instructions on negligence and proximate cause adequately so inform the jury, for this is the precise holding of our Supreme Court. (See *Alarid* v. *Vanier*, 50 Cal.2d 617 [327 P.2d 897].)

Therefore, as there was error in instructing the jury, it cannot be said that the trial court abused its discretion in granting a new trial and the order appealed from is affirmed.

Ashburn, J., and Herndon, J., concurred.