[Civ. No. 24748. Second Dist., Div. Three. Apr. 25, 1961.]

PAUL HABER et al., Appellants, v. MATTHEW H. MILLER et al., Respondents.

Paul Haber and Jean Haber, in pro. per., for Appellants.

James D. Garibaldi, Warren J. Lane and Abe Mutchnik for Respondents.

FORD, J.—This is an appeal by the plaintiffs from a judgment for the defendants in an action in which the plaintiffs sought to recover for personal injuries and damage to property arising out of a collision between two automobiles.. The plaintiffs are Paul Haber, his wife, and their two minor children. While they prosecute their appeal without aid of counsel, at the trial they were represented by an attorney.

An attack is here made upon the sufficiency of the evidence to sustain any verdict for the defendants. It is also claimed that the statements of two jurors, which the record shows were made after the verdicts had been rendered and the jurors dismissed, established that the jurors were confused as to the applicable law. The problems so presented are not novel.

The accident occurred at about 4 p. m. on August 10, 1958, on Highway 101 north of the city of Santa Barbara. It was a clear, sunny day. The plaintiffs were driving to Solvang. Mr. Haber intended to turn to his right onto Alisal Road which was about 300 feet past a crest on Highway 101. There were two lanes for northbound traffic and Mr. Haber was in the lane next to the east side of the highway. He testified that he stopped about 20 to 30 feet from Alisal Road so as to permit an automobile to enter the highway from that road. His left arm was in a position to indicate that he intended to make a right turn. No traffic was behind him when he stopped. He motioned to the other driver to proceed since he did not think that Alisal Road was wide enough for two cars. He then took ''a second look'' in his rear-view mirror. He saw the defendant Miller's automobile ''coming from over the crest . . . very, very fast . . . .'' Mr. Haber ''didn't know what to do''; he took hold of the steering wheel and ''froze holding it'' and yelled to his family that something was going to hit them. When the defendant Miller's vehicle hit the Habers' car, their vehicle was pushed forward between 40 and 60 feet.

The defendant Miller's version of the accident differed from that of Mr. Haber. He was driving in the lane to the left of that in which the Haber vehicle was. As he got to the crest of the hill, he saw a car stopped at about the Alisal Road intersection. Another car, in the lane next to the east side of the highway, was moving slowly up to where the automobile was stopped. The defendant Miller applied his brakes approximately 170 feet from Alisal Road because he anticipated that the car moving behind the stopped vehicle would turn into the lane in which Miller was proceeding. Thereafter the other car pulled out in front of the Miller car and into that lane. Miller further testified that the brakes on his automobile were applied "with such force that one or more locked." He said that his car went down the highway in the same lane "until the final 10, 15 feet" and that "it slid around." He never attempted to get into the lane where the plaintiffs' car was, but tried to hold his car in the other lane. When the collision with the Haber automobile occurred, the Miller car was "practically stopped." While the defendant Miller had a weakened right leg because of infantile paralysis, he was not thereby prevented from applying the brakes.

The appellants have misconceived the function of an appellate court. ▓ As was said in *Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427, at page 429 [45 P.2d 183] : "In reviewing the evidence on such an appeal all conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. ▓ It is an elementary, but often overlooked principle of law, that when a verdict is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. ▓ When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court."

▓ As this court stated in *Ferrell* v. *Matranga*, 92 Cal. App.2d 620, at page 622 [207 P.2d 654] : "The question ·of negligence is generally one of fact for the jury, and its finding thereon, if supported by substantial evidence, is binding upon a reviewing court. ▓ It is only when there is no substantial conflict as to the facts, and from the facts reasonable persons can draw only the inference that a defendant was

negligent, that the reviewing court will disturb the verdict of the jury rendered in favor of a defendant."

In the present case, the determination of the jury finds substantial support in the evidence and this court is not free to interfere therewith.

The plaintiffs' second contention arises from the following incident which occurred after the jury had returned its verdicts and had been dismissed:

"MR. SIMON [counsel for plaintiffs]: If the Court please, I would like if the Court would entertain a statement, please. May the record show in the case of Haber vs. Miller, et al., that the verdict having just been returned, I am informed by Mrs. Michaels, one of the jurors being present, and Mr. Powers, the foreman of the jury being present, in a certain way which convinces me that the jury completely misunderstood the instructions of the Court. Mrs. Michaels, will you tell the Court what you told me just now? MRS. MICHAELS (JUROR No. 1): Well, is it not my understanding, Dave, that if we found that Mr. Haber was negligent, then automatically none of the rest of them got anything? MR. POWERS (FOREMAN): Yes, that was my understanding if there was contributory negligence on the part of Mr. Haber. THE COURT: No, you misunderstood the instruction. Under the statute of this state contributory negligence, of course, is not imputed to any one other than the driver, under the amendment. MR. SIMON: I move for a new trial at this point, your Honor. THE COURT: Well, I think probably you had best get a—— MR. SIMON: We will do it formally, yes. THE COURT: And give notice to the other side."

The record does not disclose that any affidavits were filed in support of the motion for a new trial thereafter made. But, in any event, the statements of the jurors could not serve to affect the verdicts. "The rule is well established in this state that affidavits or other oral evidence of either concurring or dissenting jurors which tend to contradict, impeach or defeat their verdict, are inadmissible." (*Murphy* v. *County of Lake,* 106 Cal.App.2d 61, at p. 66 [234 P.2d 712].)

 The application of the rule to a case, such as the present, wherein it is asserted that jurors misunderstood the instructions of the court is made in *Rose* v. *Tandowsky,* 80 Cal.App.2d 927, at page 931 [183 P.2d 347], as follows:

"Although it would not appear at all likely that a jury could be confused or misled by the instructions quoted, appellant has presented the affidavits of three of the jurors in an

attempt to show that at least two of them (two who voted for the plaintiff) misunderstood the effect of the first instruction, in that, after hearing the instructions twice and obtaining permission to take the written instructions into the jury room, these two jurors concluded that by the first instruction above quoted they were foreclosed from all consideration of the alleged association of plaintiff with Mr. Lippman. Such an attempt at impeachment of the verdict by affidavits or statements of jurors cannot be considered except where the purpose is to show that the verdict was arrived at by chance." (See also 8 Wigmore on Evidence [3d ed.], § 2349; *Kollert* v. *Cundiff*, 50 Cal.2d 768, 772-773 [329 P.2d 897].)

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied May 19, 1961, and appellants' petition for a hearing by the Supreme Court was denied June 21, 1961.