[Civ. No. 19804. First Dist., Div. Three. Mar. 9, 1962.]

EMIL J. GRANIUS et al., Plaintiffs and Respondents, v. PACIFIC GAS AND ELECTRIC COMPANY, Defendant and Appellant.

Richard H. Peterson, R. A. Raftery, David R. Fuller and Carlson, Collins, Gordon & Bold for Defendant and Appellant.

Phillip M. Millspaugh for Plaintiffs and Respondents.

DRAPER, P. J.—After verdict and judgment thereon for defendant, plaintiffs' motion for new trial was granted. Defendant appeals.

The action is for damages caused to plaintiffs' house by a fire originating in a vacant building next door. In 1950 defendant removed its gas meter from the vacant building. Plaintiff husband testified that in May of 1956 and often thereafter he saw on that property an upright pipe, the open end of which was closed only by a wooden plug. He admitted on cross-examination that he had not notified defendant of this fact. The fire occurred in July 1957. There was evidence that at about where that pipe had been seen there was an "extra lot of fire," "a flame shooting out" 8 to 12 feet, which was blown toward plaintiffs' house. Defendant denied negligence and proximate cause and pleaded contributory negligence.

At the outset of the trial, immediately after calling the first 12 prospective jurors for *voir dire*, the court made a brief explanation of the case, in which it pointed out that defendant had pleaded contributory negligence, stated that "at the conclusion of this trial I will explain the law involved in this case," and then defined contributory negligence, making clear that "if the plaintiff who is claiming damages was himself negligent and careless and his own negligence and carelessness proximately contributed to his injuries he is not entitled to recover."

During trial, but out of the presence of the jury, defendant withdrew the issue of contributory negligence. Defendant offered no instruction on that subject, and plaintiffs did not request an instruction that the issue had been withdrawn. In the instructions given after the close of evidence and arguments, the court made no reference whatever to contributory negligence.

In its memorandum opinion granting the motion for new trial, the court pointed out the absence of instruction on contributory negligence, and concluded that "[a]lthough the plaintiff did not offer any instructions on this subject the Court is of the opinion that the jury may have been misled" by the absence of an instruction removing the issue from jury consideration.

New trial was granted solely on the ground of this asserted error of law in the instructions. In such case, if the instructions are correct, there is no error and no basis for the exercise of discretion by the trial court (*Conner* v. *Southern*

*Pacific Co.*, 38 Cal.2d 633, 637 [241 P.2d 535]; *Parker* v. *Womack*, 37 Cal.2d 116, 123 [230 P.2d 823]).

But it is equally clear that, when an instruction erroneous in any respect has been given, the trial court on motion for new trial has broad discretion in determining whether the error has been cured by other instructions, i.e., whether the instructions as a whole have misled or confused the jury (*Fennessey* v. *Pacific Gas & Elec. Co.*, 10 Cal.2d 538, 544 [76 P.2d 104]). An order granting a new trial for error in instructions will be affirmed "[i]f the challenged instruction was erroneous in any degree, or even if it is only 'fairly debatable' that such instruction may have been misleading" (*Bolton* v. *Martin*, 126 Cal.App.2d 178, 180 [271 P.2d 991]; quoted and approved in *Shaw* v. *Pacific Greyhound Lines*, 50 Cal.2d 153, 159 [323 P.2d 391]).

In our case, the trial court's statement to the jury at the outset of trial was an instruction that contributory negligence, which was properly defined, would defeat recovery by plaintiffs. Although given at a time which lawyers know is not usual for formal instruction of the jury, it could well have carried to the jurors, presumably not familiar with the more common time schedule, the full force of the authority and prestige of the court. In this sense, it can be viewed as part of the instruction of the jury, quite as much as if it had been one of the instructions given at the close of the case. This is quite apparently the view taken by the trial court in granting new trial. If this appeal were from the judgment, we should be strongly disinclined to import error by regarding the preliminary statement as a part of the instructions, particularly in view of the fact that two and one-half days of trial intervened between the questioned statement and the submission of the case to the jury upon the more formal instructions. However, we cannot hold that, as a matter of law, the trial court was without power to view its statement concerning contributory negligence as a part of the instructions, and to determine that it confused and misled the jury. The able and experienced trial judge in this case had the opportunity, not available to us, to observe the jury throughout the trial and to hear the evidence. He has broad discretion in determining the need for new trial. Our necessarily refracted vision of the proceedings does not warrant our holding that he abused that discretion.

We recognize that plaintiffs wholly failed to request an instruction that the defense of contributory negligence

was no longer an issue in the case. The court was under no duty to give such instruction on its own motion, and in the absence of a request the omission of the instruction would not warrant reversal on appeal from the judgment (see *Conner* v. *Southern Pacific Co., supra,* 38 Cal.2d 633, 636). But this is not an appeal from the judgment. ■ The fact that waiver or estoppel bars assertion of error on appeal from the judgment does not bar its consideration by the trial court in determining to grant a new trial (*Hoel* v. *City of Los Angeles,* 136 Cal.App.2d 295, 307 [288 P.2d 989]). This rule has been applied even where the party whose motion for new trial is granted has invited the error by himself offering instructions upon the same subject (*Conroy* v. *Perez,* 64 Cal.App.2d 217, 226 [148 P.2d 680]; *Nieves* v. *Vigolino,* 135 Cal.App. 763 [27 P.2d 916]). To hold that plaintiffs' failure to request the instruction bars consideration of the issue on motion for new trial would, as said in *Nieves* (p. 765), mean that the trial court "would be powerless to correct what might be an obvious miscarriage of justice."

■ We agree with appellant's view that the remarks of the jury foreman are not to be considered by us (see *Haber* v. *Miller,* 191 Cal.App.2d 543, 546 [12 Cal.Rptr. 854]). That gentleman, after the verdict was recorded and the court had announced discharge of the jury, but before the jurors had left the box, said "I would like to clear our verdict up a little." He then made a statement indicating that the jury had, on its first poll, "felt that both Pacific Gas and Electric and Mr. Granius were negligent." He was interrupted and his statement was not completed. We have not considered nor attempted to construe this statement, and there is no indication that it was given any consideration by the trial court on the motion for new trial.

Order affirmed.

Salsman, J., and Devine, J., concurred.