[Crim. No. 1891.  First Appellate District, Division Two.—July 2, 1936.]

THE PEOPLE, Appellant, v. RUTH McCORD, Respondent.

U. S. Webb, Attorney-General, Seibert L. Sefton, Deputy Attorney-General, Francis P. Healy, District Attorney, and Rex L. Boyer and Harold Jacoby, Deputy District Attorneys, for Appellant.

Thomas M. Carlson, Robert Collins and Ralph H. Wight for Respondent.

SPENCE, J.—Upon a trial by jury, defendant was convicted of a violation of section 72 of the Penal Code. Her motion for a new trial was granted and the People have appealed from the order granting a new trial.

Section 72 of the Penal Code provides, "Every person who, with intent to defraud, presents for allowance or for payment . . . to any county . . . officer, authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, account, voucher, or writing, is guilty of a felony".

Respondent was the director of the social service department of Contra Costa County. We deem it unnecessary to relate the details of the handling by that department of the case of an elderly indigent by the name of Mrs. Ida Jackson. There were some conflicts in the evidence but there was sufficient evidence including the inferences to be drawn therefrom from which the jury could find that respondent had, with intent to defraud, presented a false and fraudulent claim to the county purchasing agent in the sum of $68.98 for "cash advanced for expenses to Moffatt, Colorado, of Mrs. Ida Jackson". It is not disputed that the claim to cover the cost of transporting Mrs. Jackson to another state was, if genuine, a proper charge against the county. (Pol. Code, sec. 4041.16, subd. 4.)

In granting the new trial the trial court specified the grounds upon which it was granted. The first ground specified was that the verdict was contrary to law as the county purchasing agent had no authority to pay the claim if genuine. ▮ Appellant contends that the county purchasing agent did have authority to pay said claim, if genuine, and that a new trial should not have been granted upon the ground mentioned. We are of the opinion that appellant is correct in this contention.

The revolving fund from which the claim was paid was created under the provisions of Statutes 1923, page 289, as amended. (See Deering's Gen. Laws, Act 1803.) Section 3 of that act provides that ''The officer entrusted with said fund shall not be authorized to expend any portion thereof except for services or material, the securing or purchase of which is a legal charge against the county . . . '' The resolution of the board of supervisors creating said fund in Contra Costa County provided, ''It is further resolved and ordered that said J. H. Morrow, county purchasing agent, shall not be authorized to expend any portion thereof except for services or material, the securing or purchase of which is a legal charge against the county . . . ''

It is the claim of respondent that a claim for ''services or material'' does not include a claim for money expended for transportation and that therefore the county purchasing agent had no authority to pay said claim if genuine. This was the view adopted by the trial court but we do not believe it should be sustained. It has been held that section 72 of the Penal Code should be liberally construed in view of its evident purpose ''to penalize the making of false and fraudulent claims against public funds''. (*People* v. *Richards,* 86 Cal. App. 86 [260 Pac. 582].) The rule of liberal construction should likewise be applied to the above-mentioned statute authorizing the creation of the revolving funds and the resolution above mentioned creating the fund in question. It seems apparent from a reading of said statute and resolution that the word ''services'' was not used in a restricted sense to mean merely ''the performance of labor'' as argued by respondent. The wording ''services and material, the securing or purchase of which is a legal charge against the county'' would seem to lay stress upon the requirement that the charges be legal charges against the county and that any

expenditures for services, personal or otherwise, which are legal charges against the county, should be held to fall within its scope. This view finds support in the definition of "services" found in 57 Corpus Juris, at page 279, where it is said " . . . in the plural the term (services) involves more than mere labor, and signifies much more than merely the act of performing labor, and may include, as well, expenditures, materials, and things furnished". Further support for this view is found in the uncontradicted showing regarding the established practice with respect to the revolving fund in Contra Costa County and also in the standard works relating to public accounting. In the "Accountants' Handbook" edited by Professor E. A. Saliers, professor of accounting at Northwestern University, there is a section dealing with public accounting and entitled "Municipalities". There is a division of this section entitled "Standard Appropriation and Accounting Classification". (See page 1213 et seq.) Expenditures for "services" are there classified under "Personal Services" and "Services other than Personal". Under the latter heading are found subheadings including, "11. Transportation of persons 12. Transportation of things 13. Subsistence and support of persons . . . 19. Special and miscellaneous services other than personal not elsewhere provided for". It will thus be seen that the word "services" has been generally used to cover many things other than the performance of labor and we find no reason for holding that the word "services" was used in any narrow or restricted sense in the statute or resolution before us. We are therefore of the opinion that the claim presented to the county purchasing agent was one which said officer was authorized to pay, if genuine, from said revolving fund.

Another ground assigned for the granting of a new trial was that the trial court had misdirected the jury in that it had failed to give an instruction on flight. Respondent contends that the trial court properly granted the motion on this ground and we are of the opinion that this contention should be sustained.

Section 1127c of the Penal Code provides that in any case where evidence of flight is relied upon as tending to show guilt, the court "shall instruct" the jury as therein provided including the instruction that evidence of flight "is not sufficient in itself to establish his guilt". On the trial the prose-

cution made much of the evidence of alleged flight. It proposed an instruction in the words of the section above mentioned but the trial court failed to give it. It was the duty of the trial court to give said instruction and respondent was entitled to rely upon the instruction proposed by the prosecution. (*People* v. *Best,* 13 Cal. App. (2d) 606 [57 Pac. (2d) 168].) Appellant contends, however, that the error in failing to give such instruction was not prejudicial to respondent. In discussing this contention, appellant seems to have overlooked the nature of this appeal. It is not an appeal from the judgment but is an appeal from the order granting a new trial. The question of whether error is prejudicial is a question for the determination of the trial court in ruling upon the motion for new trial and the trial court is allowed a wide discretion in making its determination of this question. Where there is error in the record and the trial court grants a new trial because of such error, its ruling should not be disturbed unless it clearly appears that the trial court has abused its discretion. (*Pope* v. *Wenisch,* 109 Cal. App. 608 [293 Pac. 622]; *Weaver* v. *Shell Oil Co.,* 129 Cal. App. 232 [18 Pac. (2d) 736]; *Nieves* v. *Vigolino,* 135 Cal. App. 763 [27 Pac. (2d) 916].) A review of the record leads us to the conclusion that it cannot be said that the trial court abused its discretion in the present case. The order granting a new trial should therefore be affirmed.

In view of the conclusion that the trial court properly granted the motion upon the ground last mentioned, it appears unnecessary to discuss the remaining grounds specified by the trial court in its order.

The order granting a new trial is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.