Morris Cohen, Plaintiff, *v.* Susan Formals, Inc., et al.,
Defendants.

City Court of the City of New York, Special Term, New York County,
August 14, 1945.

*Robert Hoffman* for plaintiff.

*David H. Shapiro* for defendants.

Coleman, J.  On September 15, 1944, the plaintiff, as land-lord, and the defendants, as tenants, entered into a written lease covering loft premises, for a term of three years and one month, commencing January 1, 1945, and ending January 31, 1948.

The lease by its terms required the landlord " at his own cost and expense to construct lobby, show-room and office of gypsum block walls and paint office, show-room and lobby, cal-cimine ceiling and walls and balance of premises ".

On January 17, 1945, the parties, in anticipation of the enactment of the Commercial Rent Law (L. 1945, ch. 3), which was then before the Legislature, entered into an agreement, in writing, and therefore needing no consideration (Real Property Law, § 279, subd. 1; Personal Property Law, § 33, subd. 2), which reads as follows: " Concerning my lease with you dated September 15th 1944 for the seventh loft being known as the eighth floor in building known as 107–9 West 38th Street, New York City, this will confirm our understanding, at the time we signed it, that paragraph ' 40 ' thereof, which provided that you [landlord] would bear the cost of those certain repairs, was based on the consideration that we would pay the rent reserved in said lease during its entire term, but that if, by virtue of any legislative or regulatory act of the Federal Government, or of the State of New York or any of their agencies, you were compelled to accept a reduced rental, then and in any such event, the cost of the repairs referred to in said paragraph ' 40 ' would not be borne by you but instead by us, and that we would repay any sums expended by you in connection with such repairs immediately after demand therefor. This work not to exceed more than $1250.00. So as to express our true intention, you may consider this a supplement to paragraph '. 40 ' of the said lease with the same effect as if it had originally been incorporated therein."

The rent provided in the lease was in excess of the emergency rent recoverable under the Commercial Rent Law, which became effective January 24, 1945 (as amd. by L. 1945, ch. 315, approved March 28, 1945). The landlord performed all of the work that he was obliged to do by the above-quoted provision of the lease, and in this action seeks to recover from the tenants the alleged reasonable cost, amounting to $1,107.13. He relies upon the modification of January 17, 1945, hereinbefore set forth.

The tenants contend that the modification is invalid, being in derogation of and an attempt to circumvent the statute which was about to be adopted when the modification was made. Both sides assume that the statute operates upon existing leases and neither side questions its constitutionality (cf. *Twentieth Century Associates* v. *Waldman*, 294 N. Y. 571, and section 11 of the original act and as amd. by L. 1945, ch. 315).

Section 7 of the Commercial Rent Law provides: " In any action to recover rent for commercial space accruing during the period of the emergency, it shall be a defense that such rent is unjust, unreasonable and oppressive if such rent is in excess of the emergency rent or any rent which may be fixed pursuant

to section four of this act, and to the extent of such excess the same shall be uncollectible. The tenant may interpose the defense that the rental value of the commercial space has been reduced by reason of an unreasonable diminution of services, and to the extent that the court shall find that such services have been so diminished, the value thereof shall be allowed in reduction of the rent charged and shall be uncollectible; or, in the alternative, the tenant shall be entitled to a cause of action to recover a proportionate amount of the rent paid." In subdivision k of section 2 services are defined as follows: " ' Services.' Repairs, decorating and maintenance, the furnishing of light, heat, steam, hot and cold water, telephone, elevator service, cleaning service, linen service, janitor service, the removal of refuse and any other facility or privilege connected with and furnished by the landlord for the use or occupancy of the commercial space."

An agreement by the tenants to pay separately for " services " such as " repairs, decorating and maintenance " which the landlord was required to furnish, both by law and under the terms of the lease, is not valid by the terms of the statute itself. However, the parties could modify the lease so as to require the tenants to pay for structural alterations. Such alterations are not " services " as defined in the statute and there is nothing in the statute to prevent the parties from making an agreement as to those changes. The landlord may, therefore, under the agreement, recover from the tenants the cost of any work performed by him not comprising " services " specified in subdivision k of section 2.

The reasonable cost of that work may be determined by an assessment under rule 113 of the Rules of Civil Practice (*Aiken Mills, Inc.,* v. *Boss Manufacturing Co.,* 238 App. Div. 605).

Plaintiff's motion for summary judgment will be granted to the extent of allowing judgment in favor of plaintiff for such amount as may be found upon the assessment.

Defendants' motion for summary judgment will be granted to the extent of dismissing the balance of plaintiff's claim, over and above any amount recoverable by plaintiff as found upon assessment.

Settle order.