[Crim. No. 712.   Fourth Dist.   Sept. 1, 1948.]

THE PEOPLE, Appellant, v. THOMAS H. PERKIN,
Respondent.

Fred N. Howser, Attorney General, Frank Richards, Deputy Attorney General, James Don Keller, District Attorney, and Ronald Abernathy, Deputy District Attorney, for Appellant.

Edgar B. Hervey and Henry F. Walker for Respondent.

BARNARD, P. J.—The defendant was accused, in each of seven counts, of the crime of asking and receiving a bribe in violation of section 68 of the Penal Code. It was charged that during the summer of 1947, while he was chief of police of the city of Escondido, he received seven $100 payments from two men upon agreements that he would permit these men, severally, to engage in acts prohibited by section 337a of the Penal Code.

After conviction by a jury, the defendant moved for a new trial on all of the grounds set forth in section 1181 of the Penal Code. Upon the presentation of this motion all of these grounds were urged, although misconduct of the district attorney and an error in one instruction were particularly stressed in the argument. In his remarks upon deciding the motion the trial judge dwelt mainly on the two matters which had thus been stressed but made some reference to the evidence, and remarked that anything which happens during a trial which might have a tendency to bolster up testimony should be carefully considered. He concluded his remarks by saying ''The defendant's motion for a new trial is granted.'' The minute order which was entered reads as follows:

''The defendant now presents his motion for a new trial on the grounds as stated under Section 1181 P. C. and said

motion being submitted with argument of counsel, by the Court, said motion granted on the ground stated under Section 1181, division 5: when the court has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising during the course of the trial, and when the District Attorney or other counsel prosecuting the case has been guilty of prejudicial misconduct during the trial thereof before a jury.''

The People have appealed from the order thus made. It is contended that this order was based solely on the grounds of misconduct of the district attorney and an error in one instruction; that the court erred in holding that the prosecuting attorney was guilty of prejudicial misconduct in his closing argument; that the court erred in holding that the error in this instruction was prejudicial; and that since the order granting the new trial was thus limited no other ground, particularly insufficiency of the evidence, may be considered in passing upon the validity and effect of the order.

The evidence was conflicting, and the order would necessarily be affirmed if considered as based, in part, upon the insufficiency of the evidence. While the usual rule is that such an order will be affirmed if any ground therefor exists, regardless of the reasons assigned by the trial court, this rule is not applicable where the order made discloses directly and clearly that the insufficiency of the evidence is excluded as a ground for granting the motion. (*People* v. *Megladdery*, 40 Cal.App.2d 748 [106 P.2d 84].)

Both parties have ably briefed and argued the question as to whether, under the language here used, insufficiency of the evidence may be considered in support of this order. It is unnecessary to decide this question, under our view that the order must be sustained on one or more of the grounds expressly stated therein.

In his remarks before deciding the motion, the court stated that he was of the opinion that certain statements made by the district attorney in his closing argument, in reply to a question and challenge put to him by respondent's counsel, constituted prejudicial error. We are in complete accord with appellant's contention that this opinion was erroneous, and that no prejudicial misconduct appears in this connection which in any way justifies or supports the order granting a new trial.

It was contended at the hearing of the motion, and is contended here, that the district attorney was guilty of misconduct during his closing argument while answering the question referred to, in commenting on the character and reputation of the defendant by stating that the record was silent in that regard and contained nothing to show his good reputation and character. The situation in this regard may be briefly stated as follows. During his argument the defendant's counsel referred to the defendant as "a law enforcement officer, a man of family, a man of good reputation and character." He then repeated the effect of this statement at least six times before, during and after the asking of the question and the challenge to answer it, finally appealing to the jury not to take from the defendant his good name and not to permit him to be "robbed of his good name and reputation in this community." He then asked the district attorney, and challenged him to answer it in his closing argument, whether he would be willing to be convicted, when "not one other word can be said against you," on the testimony of two self-confessed professional law violators and whether he would feel secure in his official position if crooks could "get" officers on such evidence. The district attorney in his closing argument attempted to answer the question fairly and to state what he would do under the circumstances. He was interrupted several times, defendant's counsel assigning his remarks as misconduct and asking that the jury be instructed to disregard it. In each case the judge instructed the jury to disregard "that statement." When the district attorney stated there was nothing in the record to show the defendant's good reputation and character the court, upon request of defendant's counsel, instructed the jury to disregard it and instructed the district attorney to "refrain from that comment." We see nothing improper in the district attorney's attempted reply to the question and challenge made to him, under the circumstances here appearing. His remarks were made under the greatest provocation, and if there ever was a case where comment on the character and reputation of the defendant was invited this is that case.

In another instance, however, the question of misconduct is a closer one. At that time the district attorney stated that he would not prosecute any case "if I didn't believe it." He then went on to say that he would not have anything to do with this case if he did not have faith in it. It must be

conceded that he came nearer than he should to expressing his personal belief in the guilt of the defendant. It may be observed, however, that considerable provocation appears in certain remarks made by respondent's counsel during his argument.

The appellant's contention that the court erred in holding that an admitted error in one instruction was prejudicial and might have misled the jury cannot be fully sustained. In this instruction, which was one telling the jury that certain evidence was received only for the purpose of showing intent, the court stated "Evidence was given in this case by the witness Starr of hearing a purported telephone conversation made by the defendant Perkin." This portion was added to the instruction by the judge and admittedly the word "telephone" should not have been included therein, as Starr had not testified concerning a telephone conversation. However, another witness, Baker, had testified to a telephone conversation between himself and the defendant and an effort had been made to impeach his testimony. The trial judge remarked that this error was important in that it may have led the jury to believe the evidence that the other telephone conversation had actually occurred, and may have misled the jury to the extent that it was prejudicial to the rights of the defendant. A trial judge has considerable discretion under such circumstances and the effect of such error is, of necessity, more of a question of fact than one of law.

The order as entered clearly stated, as one of the grounds therefor, errors "in the decision of any question of law arising during the course of the trial." Several such errors here appear in connection with the admission of evidence. While the defendant was charged only with receiving bribes during the summer of 1947 a witness was permitted, over objection, to testify that in the summer of 1946 the defendant told him to go to a "bookie" and place a bet for the defendant in a certain race. The court had stated in the absence of the jury that he would permit testimony showing defendant's knowledge of bookmaking activities in Escondido in 1946, but that the question must be so framed as not to elicit the fact that the defendant had placed a bet with a bookmaker. Later, the evidence of the forbidden fact was admitted and the court refused to strike it or instruct the jury to disregard it. In two other instances the prosecution was allowed, over objection, to go into important matters on

cross-examination which had not been covered in the direct examination. While in one of these instances an attempt was made to correct the error by striking the answers from the record, the jury had heard the answers and it is at least doubtful whether their effect upon the jury could be removed.

We are here considering an appeal from an order granting a new trial and not an appeal from the judgment. In this connection the court said, in *People* v. *McCord,* 15 Cal.App.2d 136 [59 P.2d 587]:

''The question of whether error is prejudicial is a question for the determination of the trial court in ruling upon the motion for new trial and the trial court is allowed a wide discretion in making its determination of this question. Where there is error in the record and the trial court grants a new trial because of such error, its ruling should not be disturbed unless it clearly appears that the trial court has abused its discretion. (Citing cases.)''

Many questions of fact are involved in deciding such a motion and a trial judge is necessarily in a better position to pass upon the effect which any errors may have had upon the jury than is an appellate court. Conceding that this motion could well have been decided the other way, the fact remains that it cannot be held that an abuse of discretion clearly appears, or that the order made is entirely without support in the record.

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 30, 1948.