[Crim. No. 2209.   Fourth Dist.   July 12, 1965.]

THE PEOPLE, Plaintiff and Appellant, v. WILLIAM THOMAS GIBSON, Defendant and Respondent.

*Assigned by the Chairman of the Judicial Council.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, James Don Keller, District Attorney and Albert L. Wells, Deputy District Attorney, for Plaintiff and Appellant.

Conrad G. Walker, under appointment by the District Court of Appeal, for Defendant and Respondent.

BROWN (Gerald), P. J.—The People appeal from an order of the trial court granting defendant's motion for new trial. The jury found defendant and his wife guilty of grand theft of welfare monies (Pen. Code, § 487, subd. 1). The wife had illegally received Aid to Needy Children funds. The theory of the prosecution was that the defendant was an aider and abettor of his wife and was thus punishable as a principal under Penal Code, section 31. Specific intent is the element of the crime.

The following instruction was given over defendant's objection: "If you find that welfare payments were being made into the home of [defendant] Barbara Lucille Gibson, and that the defendant, William Thomas Gibson knew these payments were being made into the home and knew that his relationship with [defendant] Barbara Lucille Gibson, if revealed to the Welfare Department, would reduce these payments; and if you find such a relationship existed between the [defendants] Barbara Lucille Gibson and William Thomas Gibson as would reduce the welfare payments; then you may find that the defendant William Thomas Gibson was as responsible for what was concealed from the Department of Public Welfare as [defendant] Barbara Lucille Gibson was; regardless of whether or not any of the public assistance monies were given to him by [defendant] Barbara Lucille Gibson."

Other instructions were given setting forth the requirement that the jury find criminal intent of the defendant in order to convict him, that the instructions were to be considered as a whole, and that each instruction was to be regarded in the light of all the others.

In determination of the motion for new trial, the court reasoned that its instruction, being in the nature of a formula or "finding" instruction, failing to mention the ele-

ment of intent, required the jury to find mandatorily that the criminal intent existed, and that, therefore, guilt followed as a matter of mandatory fact.

The instruction is tantamount to a formula instruction; a particular verdict is called for in the event that certain facts recited therein are found to be true. While the classic formula instruction directs the jury "if you find . . . you *will return* a verdict of . . .", the effect of "If you find . . . then you *may find* that the defendant William Thomas Gibson was as responsible for what was concealed from the Department of Public Welfare as [defendant] Barbara Lucille Gibson was, regardless of whether or not any of the public assistance monies were given to him by [defendant] Barbara Lucille Gibson." is equally prejudicial.

█ " 'It is doubtless the rule that *where a so-called "formula" instruction is given, directing a verdict* in the event the jury finds certain facts to be true, *it must embrace all the elements essential to a recovery, and that the omission therefrom of any of such elements amounts to error,* the prejudicial effect of which is not overcome by the inclusion of the omitted elements in other instructions.' " (*People* v. *Peak,* 66 Cal.App.2d 894, 909 [153 P.2d 464] [dictum] citing *Edgar* v. *Citraro,* 112 Cal.App. 163, 167 [297 P. 645].) [Italics ours.] (Accord, *People* v. *Ranney,* 213 Cal. 70, 78 [1 P.2d 423]; *Starr* v. *Los Angeles Ry. Corp.,* 187 Cal. 270, 278 [201 P. 599]; CALJIC (Rev.ed. 1958) p. 5.)

Appellant argues that the instruction contained a synthesis of the law relevant to the problem of fraudulent receipt and use of Aid to Needy Children funds, as delineated in *People* v. *Flores,* 197 Cal.App.2d 611 [17 Cal.Rptr. 382], and *People* v. *Phipps,* 191 Cal.App.2d 448 [12 Cal.Rptr. 681]. This contention is correct and would be controlling if the present issue were the sufficiency of the evidence from which to infer a criminal intent. █ The issue is, however, was defendant prejudiced by a formula instruction which lacked an essential element (intent) from the conditional premise? The trial court was of the opinion that the defendant was prejudiced, and granted a new trial. We perceive no abuse of discretion. (Pen. Code, § 1181, subd. 5; *People* v. *Perkin,* 87 Cal.App.2d 365, 369-370 [197 P.2d 39].)

Order affirmed.

Coughlin, J., and Whelan, J., concurred.