Samuel A. Spiegel, J.
While presiding in Special Term Part II, a ruling was requested on a matter of dispute between counsel during the examination held before trial of the defendant in the court. This action was brought pursuant to section 5-419 of the General Obligations Law, wherein plaintiff seeks to recover the sum of $191,607.10, representing losses on a series of gambler’s wagers entered into by plaintiff with the defendant.
Plaintiff alleges that payment of these moneys was made to the defendant by means of plaintiff’s checks drawn to the order of fictitious payees, and that such checks were then indorsed by the defendant, cashed by him, and the proceeds kept by him.
When requested to do so, the defendant refused to sign his name at the examination before trial on the grounds that it might tend to incriminate him. For the same reason, he has refused to sign the names of the payees who appear as indorsers on the checks given by plaintiff to defendant, allegedly in payment of wagering losses. The question arises whether the defendant may be directed to give exemplars of his handwriting on this examination before trial.
Learned counsel have submitted their views to the court. Upon research and analysis of the questions involved herein, there is no question that in accordance with the purposes, intent and provisions of CPLR 3101, the plaintiff is entitled to a full disclosure of all evidence, material and necessary in the prosecution of his cause of action. In the instant case, proof of defendant’s handwriting is not only material and necessary, but it is an essential, basic and vital element of proof of the plaintiff’s cause of action as pleaded. Unless he has an opportunity to verify the handwriting of the signatures, he cannot even pro *529 ceed to trial. There is no question but that he would have the right to request the defendant’s signature at the time of trial. Bather than inconvenience and disrupt an orderly trial for the purpose of verification of handwritings then, it is much wiser and more appropriate that this be done now before trial.
There is no merit to defendant’s contention that giving an exemplar of handwriting is the creation of evidence not contemplated by the disclosure provisions of the CPLB. The purpose of an examination before trial is to expedite a trial by narrowing the issues. A disclosure on an examination before trial may lead to the necessity for further evidence.
The defendant raises the further objection that directing an exemplar of his handwriting would be a violation of his constitutional rights. The Supreme Court of the United States has held to the contrary. The direction of exemplars in this case will not violate defendant’s privilege under the Fifth Amendment against self incrimination. (Gilbert v. California, 388 U. S. 263 [June 12,1967].)
The court is also aware of the fact that the compulsion of a blood test was not violative of the defendant’s constitutional rights, in the case of Schmerber v. California (384 U. S. 757). (See, also, Weaver v. United States, 379 F. 2d 799 [C. A. 8th].)
The court is satisfied that the taking of the defendant’s handwriting exemplars is necessary, material and proper herein. Accordingly, the defendant’s objection to giving his handwriting exemplars is overruled.