Harold J. Hughes, J.
This is a motion by plaintiff pursuant to CPLB. 3101 (subd. [a]), and CPLB 3124, to compeLdefendant to submit a sample of his handwriting as requested at a deposition.
The action arose out of an automobile accident. At the time of the accident, plaintiff was furnished by the driver of the other vehicle with a slip of paper upon which the other motorist wrote his purported name, address and telephone number. Plaintiff also recorded the license number of the other vehicle.
A subsequent investigation revealed that the name given by the other motorist was that of a Schenectady resident who did not own the vehicle in question and who did not match the plaintiff’s physical description of the other driver. Further investigation disclosed the defendant to be the owner of the vehicle bearing the license plate number plaintiff recorded at the time of the accident.
Plaintiff’s attorney, in the affirmation in support of the motion, states that apart from plaintiff’s own identifying testimony, the sole corroborating evidence indicating defendant’s liability is the slip of paper bearing the handwriting of the motorist who struck plaintiff’s vehicle.
Defendant first contends that the scope of disclosure allowed by CPLB 3101 does not include handwriting samples. At least one court, however, has held that giving an exemplar of handwriting is allowable under CPLB 3101 (Rosenblatt v. Ramis, 55 Misc 2d 528).
Defendant further contends that the handwriting sample is not necessary since it is sought by plaintiff for the purpose of corroborating the testimony of plaintiff that defendant was the operator of the vehicle. “ Necessary ” within the meaning of CPLB 3101 (subd. [a]), means “ needful ” or “ relevant ” even though a prima facie case could be made without it (see' 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.08).
Plaintiff’s motion is granted, without costs.