QUESTION:
May the Department of Agriculture and Consumer Services pursuant to s. 657.24, F.S., dispense with charging the department's credit union for services such as the use of a WATS line, the use of a telephone instrument, employees' payroll deductions, and the rental of obsolete office equipment when the cost to the department for such services is not affected by the use thereof made by the credit union?
SUMMARY:
The Department of Agriculture and Consumer Services may dispense with charging a qualified credit union rent for space alloted and services provided, such as the use of a WATS line, telephone, obsolete office equipment, and employees' payroll deduction, in a building under the jurisdiction of the department once the department, by official action, finds and determines that the services rendered by the credit union to the employees of the department are equivalent to a reasonable charge for such rent or services provided to the credit union.
Section 657.24, F.S., provides that a qualified state-chartered credit union may apply for space in any building owned or leased by the state or a political subdivision thereof in the community or district in which the credit union does business. If space is available, the officer charged with allotment of space in the respective building may, at his discretion, allot space to the credit union at a resonable charge for rent or services. However, the public board having jurisdiction over the building — in the instant case the Department of Agriculture and Consumer Services — may dispense with charging the credit union for space and services once the board, by official action, determines that the services rendered by the credit union to the public employees of the board are equivalent to a reasonable charge for such rent and services.
For the purpose of this opinion, I assume that the Department of Agriculture and Consumer Services has jurisdiction over the building in which the credit union occupies space and is charged by law with the allotment of space in such building.
The charging of fees by the department for the use of a WATS line, the use of a telephone instrument, the use of obsolete office equipment, and payroll deductions for savings or loan payments may be dispensed with after the department, by official action, duly finds and determines that the services rendered by the credit union to its employees equal the reasonable value of rent and services provided to the credit union. Therefore, it is within the department's power to assess the services received by the credit union and, accordingly, dispense with charging the credit union for rent and services if the services rendered by the credit union to the department's employees are equivalent to the reasonable value of rent and services provided by the department.
It is my opinion that the items referred to by your letter, to wit: A telephone, obsolete office equipment, use of a WATS line, and employee payroll deductions, fall within the definition of "services" as used in s. 657.24, supra, as the term "services" generally connotes more than mere labor, and may include, as well, expenditures, materials, and things furnished. People v. McCord,59 P.2d 587 (Cal. 1936); Addision Miller, Inc. v. Commissioner of Taxation, 81 N.W.2d 89 (Minn. 1957). In connection with the leasing of space within an office building, the term "services" has been defined to specifically include heat, hot and cold water, telephone service, elevator service, furnishings, furniture etc., and any other privilege or facility connected with the use or occupancy of the rented premises. Cohen v. Susan Formals,58 N.Y.S.2d 84 (N.Y. Sp. Term. 1945); Barnabo v. Lewis, 81 A.2d 659
(Md.Ct.App. 1951). The aforementioned items certainly fall within the above definitions of services and, therefore, are within the purview of s. 657.24.
As a caveat, it should be noted that the State Constitution restricts the type and amount of services which may be provided to nongovernmental entities, such as credit unions made up of public employees. Any attempt to appropriate or disburse moneys to the credit union or in any way lend to it the public credit or property (other than as provided in s. 657.24, supra) would probably violate Art. VII, s. 10, State Const. See, Raney v. City of Lakeland (Fla. 1956); Bailey v. City of Tampa, 111 So. 119
(Fla. 1926); O'Neill v. Burns, 198 So.2d 1 (Fla. 1967).