SENTELL, Clerk.
RULE 3(B), ALABAMA RULES OF JUDICIAL ADMINISTRATION — CONTRACTS WITH COUNTY COMMISSIONS FOR COURT SERVICES
Mr. Allen L. Tapley, Administrative Director of Courts, has requested my opinion, as Clerk of the Supreme Court, as follows:
. Rule 3(B) of the Alabama Rules of Judicial Administration authorizes the Administrative Director of Courts to contract with the county commissions for additional necessary court services. Does this rule authorize the ADC to contract with the county commission to pay a fixed sum of money for the use of a county-owned automobile? The automobile would be used by a judge during the performance of his official duties.
Section 12-2-19(d), Code of Alabama 1975, authorizes the Clerk of the Supreme Court to “give his opinion in writing on any question of the interpretation of any rule of administration promulgated by the supreme court to any other officer or official of the state who shows a need for such opinion and requests the same.”
It is my opinion that this inquiry must be answered in the affirmative.
Rule 3 of the Alabama Rules of Judicial Administration reads as follows:
(A) Physical Facilities. — Counties shall furnish and maintain courtrooms and offices for court officials and employees, including judges, clerks, registers and district attorneys, utilities and other necessary facilities for state courts in accordance with standards prescribed by the administrative director of courts (ADC). Municipalities shall furnish and maintain such space and facilities where district courts are required to sit for the enforcement of municipal ordinances or otherwise. Counties and municipalities may provide additional court supportive personnel, services, equipment and furnishings.
(B) Court services. — The ADC shall have authority to contract, with the approval of the chief justice, for additional necessary court services with county commissions, municipalities, private individuals, corporations or other entities to facilitate the orderly function of the state judicial system.
Rule 3(A) prescribes certain “physical facilities” which counties “shall” furnish for the use of the State’s unified court system: courtrooms, offices, utilities “and other necessary facilities for state courts in accordance with standards prescribed by the administrative director of courts (ADC).” This language requires the counties to furnish those items related to housing and providing work space for the court system; but Rule 3(A) further states that the counties “may” provide to the court system “additional . . . personnel, services, equipment and furnishings.”
Rule 3(B) provides for the furnishing of “additional necessary court services” by contract between the Administrative Director of Courts and county commissions, municipalities, and other entities. The “additional necessary court services” contemplated by Rule 3(B) are those not furnished in accordance with either provision of Rule 3(A).
The word, “necessary,” as used in constitutional and statutory language can *363 mean something less than “absolutely indispensable,” and may mean “convenient,” “useful,” “proper,” “needful” or “relevant” to the attainment of an objective. McCulloch v. Maryland, 17 U.S. 316, 4 Wheat. 316, 4 L.Ed. 579 (1819); Venable v. Brockett, 69 Misc.2d 726, 330 N.Y.S.2d 604 (1972).
The word, “court,” as the modifier of “service” means “of, relating to or appropriate to a court.” Webster’s Third New International Dictionary (1976).
A “utility” in the context of Rule 3(A) is “a service provided by a public utility.” Webster’s Third New International Dictionary (1976). See Opinion of the Clerk, No. 7, 1977, Ala., 350 So.2d 308.
It is clear that the word, “service,” in Rule 3(B) means more than the furnishing of utilities, since utilities are dealt with in Rule 3(A).
The word, “service,” has different meanings. Claxton et al. v. Johnson County, 194 Ga. 43, 20 S.E.2d 606 (1942).
The term, “services,” is not limited in meaning to “labor,” but also includes materials and things furnished. People v. McCord, 15 Cal.App.2d 136, 59 P.2d 587 (1936), Addison Miller, Inc. v. Commissioner of Taxation, 249 Minn. 24, 81 N.W.2d 89 (1957).
A concise definition of the word, “service,” is “action or use that furthers some end or purpose.” Webster’s Third New International Dictionary (1976). This definition is peculiarly applicable in the context of Rule 3(B) because of the words, “to facilitate the orderly function of the state judicial system.”
In my opinion, the use of an automobile for travel by a judge in the performance of his official duties is a necessary service that relates to and is appropriate to a court and facilitates the orderly function of the state judicial system.
The conclusion, therefore, is that Rule 3(B), Alabama Rules of Judicial Administration, authorizes the Administrative Director of Courts, with the approval of the Chief Justice, to contract with a county commission for the use of a county-owned automobile by a state judge in the performance of his official duties.