■ GREAT AMERICAN INSURANCE COMPANY, Respondent, v LOUIS M. GIARDINO et al., Appellants.—Order unanimously affirmed, without costs. Memorandum: Plaintiff commenced this action against defendants for breach of an indemnity agreement. In their verified answer defendants deny the allegations of the complaint and assert, *inter alia,* the defense of forgery. Defendants appeal from an order compelling the discovery and directing them to provide plaintiff with samples of their handwriting for a nondestructive analysis by its handwriting expert. Defendants' contentions that compelling production of a handwriting exemplar is an improper mode of discovery and violates the Fifth Amendment privilege against self incrimination are without merit. Plaintiff is entitled to production of handwriting exemplars. The provisions of CPLR 3101 entitle plaintiff to a full disclosure of all evidence, material and necessary, in the prosecution of his cause of action. Information sought in good faith for possible use in rebuttal or for cross-examination must be considered "material" (3 Weinstein-Korn-Miller, NY Civ Prac, par 3101.07) and "necessary" even though a prima facie case could be made without it (3 Weinstein-Korn-Miller, NY Civ Prac, par 3101.08). Proof of defendants' handwriting is material to plaintiff because of defendants' affirmative defense of forgery *(Rosenblatt v Danzis,* 55 Misc 2d 528; see, also, *Venable v Brockett,* 69 Misc 2d 726). Although the privilege against self incrimination applies in civil actions *(Steinbrecher v Wapnick,* 24 NY2d 354), the compelling of handwriting exemplars here does not violate the constitutional rights of defendants. The United States Supreme Court has held that it is no violation of the privilege against self incrimination to require a defendant in a criminal proceeding to give examples of his handwriting *(Gilbert v California,* 388 US 263). The privilege is a bar against compelling "communications" or "testimony", but no violation

results from compulsion which makes a person the source of "real or physical evidence". We see no constitutional obstacle to the ordering of handwriting exemplars in a civil action *(Rosenblatt v Danzis, supra.)* Other contentions raised by the defendants have been examined and found to be without merit. (Appeal from order of Monroe Supreme Court—discovery.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.