OPINION OF THE COURT
Richard C. Doherty, J.
The appellant third-party plaintiff appeals by permission from an order entered January 23, 1979 by Honorable Jacqueline M. Koshian, Judge of the Niagara Falls City Court, which vacated a notice for discovery and inspection served by the appellant upon the respondent third-party defendant Leonard ^evilacqua under date of October 12, 1978.
The third-party complaint alleges in part that the respondent misappropriated and converted to his own use the proceeds of certain checks given to him by the appellant in payment of insurance premiums, thereby depriving appellant of agreed insurance coverage in respect to the motor vehicle accident alleged in the plaintiff’s complaint. The appellant claims that the respondent accomplished this by means of his false and fraudulent indorsement of those, checks.
Seeking to substantiate his claims, the appellant’s said discovery notice demanded that the respondent furnish samples of his handwriting. Specifically, it required the respondent to permit the appellant or his attorney "to take a handwriting sample” from him at the attorney’s office "for the purpose of testing, analyzing and comparing the same” and further recited that "Said handwriting sample is to be taken by requiring the said Leonard Bevilacqua, in the presence of Robert F. La Duca, Jr., Esq., to write 12 consecutive times in column form each of the following phrases and numbers:
"1. 'Empire Mutual Insurance Company’
"2. 'Inter-City Niagara Agency Incorporated’
"3. 'W, '%’, '207.00’, '10-2’, '111.00’, & '96.00’.”
The respondent’s motion to vacate the discovery notice was granted by Judge Koshian in a written decision dated November 24, 1978. The appeal is from the order thereon entered on January 23, 1979, vacating said notice for discovery and inspection in all respects.
It is plain that this application for discovery, demanding the respondent’s performance of specifically enumerated physical acts, goes well beyond requiring the mere disclosure of exist *1095 ing evidence. It seeks instead to compel the making and creation of new tangible evidence theretofore nonexistent.
The appellant cites no provision of statute or rule or other legal authority which specifically authorizes or directs the court to grant such a demand. He argues instead that CPLR article 31 ought to be broadly construed to warrant such a direction by the court in the exercise of its inherent power. The court, however, finds nothing in any of the provisions of article 31 to sustain that position, notwithstanding the injunction of CPLR 104 that it be "liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding.”
Typical of the statutory provisions for disclosure, CPLR 3120 authorizes the inspection, copying, photographing, measuring, surveying, sampling and testing of existing documents, things, land and other property "in the possession, custody or control” of a party. Similarly, CPLR 3121 requires a party or one in his custody or legal control to submit to "a physical, mental or blood examination”. Neither these nor any other provisions of article 31 extend so far as to empower the court to order a party to take affirmative action to create and bring into existence an otherwise nonexistent writing, document or other thing or object on the theory that following its court-ordered manufacture it may prove to constitute evidence material and necessary to the prosecution of his adversary’s case.
Accordingly, this court finds the order appealed from proper in all respects, and the same is affirmed, without costs.