OPINION OF THE COURT
C. Raymond Radican, J.
This is a motion by the petitioner for an order directing the respondent to furnish handwriting exemplars and handwriting specimens and to submit to fingerprinting and palmprinting.
Two proceedings, one for wrongful death and the other for equitable distribution, were commenced by the temporary administrator of the estate of Mindy Sue Schwartz. The respondent in both proceedings is the surviving spouse, Samuel Schwartz. The administrator alleges that Samuel Schwartz is responsible, either directly or indirectly, for the death of his wife.
In a prior decision (133 Misc 2d 1064), the court determined that the estate might have a viable cause of action for equitable distribution. It was concluded that although the right to equitable distribution normally abates when one party to a pending divorce proceeding dies, an exception should be carved out where the survivor intentionally or recklessly caused the death of the deceased spouse with a conscious awareness of the consequences. The wrongful death proceeding was held in abeyance pending completion of the equitable distribution proceeding. The threshold question in the equitable distribution proceeding is the alleged responsibility of the surviving, spouse for the decedent’s death.
The administrator now seeks an order directing Samuel Schwartz to provide a handwriting exemplar, fingerprints and palm prints. Additionally, the petitioner seeks all bank loan applications, canceled checks, income tax returns and all other documents written by the respondent between January 1, 1984 and August 31, 1985.
The motion is opposed on three grounds: (1) requiring the respondent to submit to these procedures amounts to an unreasonable search and seizure in violation of the Fourth Amendment; (2) the respondent’s fingerprints are in the custody of the Nassau County Police Department; and (3) disclo *127 sure would make available to the District Attorney information which he could not otherwise obtain.
The District Attorney has been heard on the motion and does not assert that the investigation into the death of Mindy Sue Schwartz will be jeopardized by granting the motion for discovery. In addition, he opposes the sealing of any records in this proceeding.
The respondent does not raise an issue regarding the Fifth Amendment privilege against self-incrimination. Parenthetically, it is noted that the privilege is not violated by compelling a handwriting exemplar. A handwriting exemplar, in contrast to the content of the writing, is an identifying physical characteristic and is outside the protection of the Fifth Amendment (Gilbert v California, 388 US 263). The same is true of fingerprinting (Woods v United States, 397 F2d 156) and palmprinting.
The respondent does, however, raise a Fourth Amendment issue. He contends that compelling him to submit to these procedures violates the protection against unreasonable search and seizure, citing Matter of Abe A. (56 NY2d 288). In the case of Abe A., the issue presented was whether a suspect in a homicide investigation could be compelled, pursuant to a court order, to supply a sample of his blood. Having divided the constitutional question into two stages, (1) the seizure of the person necessary to bring him into contact with government agents, and (2) the subsequent search for and seizure of the evidence (United States v Dionisio, 410 US 1), the court concluded that a suspect could be compelled to provide a sample under appropriate circumstances.
The instant case is factually similar in that the District Attorney has stated that Samuel Schwartz is a suspect in the ongoing investigation into the death of Mindy Sue Schwartz and no formal charges have been brought. However, the government is not a party to this proceeding and the respondent has not established that the litigation was commenced by the petitioner at the instigation of the District Attorney or that the administrator is acting as an agent of the District Attorney.
The Fourth Amendment protection against unreasonable search and seizure has consistently been held to proscribe only government action (United States v Jacobsen, 466 US 109). The parties to this proceeding are private litigants in a civil proceeding. The Fourth Amendment presents no bar to discovery.
*128 The provisions of CPLR article 31 govern with respect to the scope of discovery. The taking of handwriting exemplars is permissible where they are material and necessary to a cause of action or defense (Great Am. Ins. Co. v Giardino, 71 AD2d 836; Venable v Brockett, 69 Misc 2d 726; Rosenblatt v Danzis, 55 Misc 2d 528; but see, Gilbert v Ligamarri, 100 Misc 2d 1093). The Appellate Division, Second Department, has cited Gilbert v Ligamarri (supra) with approval for the proposition that a party may not be required to create new documents for the purpose of discovery (Rosado v Mercedes-Benz, 103 AD2d 395). However, in a subsequent case, the court permitted the taking of handwriting exemplars (Passaro v Passaro, 120 AD2d 658). This later decision will be followed. The petitioner alleges that a handwriting exemplar is required for the purpose of comparison with certain documents which the petitioner alleges are threatening notes sent by the respondent to his wife. The motion is granted with respect to the exemplars.
Additionally, the petitioner seeks all documents written in the respondent’s hand between January 1, 1984 and August 31, 1985, including bank loan applications, income tax returns and canceled checks.
Disclosure of an income tax return may not be obtained without a showing of good reason (Lane v D'Angelos, 108 AD2d 727). Here, a sample of the respondent’s handwriting is available from other sources.
Additionally, the request is overly broad and duplicative. The attorneys are to confer with each other and the Chief Law Assistant-Referee regarding disclosure of items previously written in the respondent’s hand and the attorneys should stipulate, if possible, as to what items are to be produced. If they cannot agree, the court will give further directions. At the same time, the attorneys should schedule with the court a date and time for the taking of handwriting exemplars and palm prints.
The petitioner has not established the relevancy of the respondent’s fingerprints. It was reported in an in camera discussion that palm prints have been taken near the decedent’s body. This did not include fingerprints.
Accordingly, the motion is denied to the extent that the petitioner seeks to compel the taking of fingerprints. As to the production of handwriting samples, the motion is granted to the extent indicated above and the motion is granted with respect to the taking of handwriting exemplars and palm prints.
*129 Since the court is granting some of the relief sought, it is necessary to address the respondent’s third argument against disclosure. The respondent alleges that granting disclosure will make additional information available to the District Attorney. As stated above, the respondent has not established that the District Attorney instigated this proceeding. No further comment is necessary.