■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY PERSAUD, Appellant. [640 NYS2d 261] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered January 21, 1993, convicting him of manslaughter in the first degree and petit larceny (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court erred when it denied his request to introduce expert testimony regarding a taped 911 emergency telephone call. During the call, an anonymous person, later identified as the defendant, admitted to killing the victim. The defendant sought to establish that a spectrographic analysis of the 911 tape recording, when compared with a spectrographic analysis of a tape recording of his voice, revealed that he was not the anonymous caller. However, at a hearing held pursuant to *Frye v United States* (293 F 1013), the

defendant failed to proffer evidence sufficient to establish, *inter alia,* that the use of spectrographic voice analysis to negate a voice print match is a technique or procedure generally accepted within the scientific community as capable of being performed reliably (*see, People v Wesley,* 83 NY2d 417; *Frye v United States, supra*). Accordingly, the court did not err in precluding the proffered expert testimony.

The defendant also contends that he is entitled to reversal of his conviction due to the delay by the prosecution in turning over certain alleged *Rosario* material (*People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908). However, even assuming, arguendo, that all of the material in question was in fact *Rosario* material, the defendant failed to demonstrate any substantial prejudice resulting from the delay (*see, People v Martinez,* 71 NY2d 937, 940; *People v Ranghelle,* 69 NY2d 56, 63). Accordingly, reversal of his conviction is not warranted.

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Miller, Ritter and Hart, JJ., concur.