*470 OPINION OF THE COURT
Herbert Kramer, J.
May a party be compelled to provide a voice exemplar in a civil proceeding and may he be compelled to do so before a hearing is conducted to test the scientific validity of voice prints?
The underlying complaint alleges the use of racially insensitive language and racial discrimination in the workplace. Plaintiffs possess five allegedly relevant audiotapes. Plaintiffs move for an order, pursuant to article 31 of the CPLR compelling one Richard Grenard to provide a voice exemplar to plaintiffs’ forensic audio expert. Defendants oppose, claiming that no statutory or common-law authority exists for the compelled examination of a party by a forensic audio expert.
Indeed, the compelled provision of a voice exemplar in a civil case is apparently a question of first impression.[1] However, we need not venture into unchartered territory. While there is a dearth of civil side voice exemplar cases, there is no lack of civil side handwriting exemplar cases.[2] Thus the question arises as to whether this court may consider the two kinds of physical characteristics — voice exemplars and handwriting exemplars — interchangeable for the purposes of analyzing the plaintiff’s right to take a voice exemplar from the defendant under article 31 of the CPLR.[3]
The standard for the production of evidence under CPLR 3101[4] is whether the evidence is material and necessary to the *471 prosecution or defense of a cause of action or may lead to such.[5] Under this standard, there is no basis in law or logic to distinguish between handwriting exemplars and voice exemplars. This court holds that they are both physical characteristics whose production must be . measured by the extent of their materiality and necessity to the prosecution or defense of a given case.[6] (See Matter of Schwartz, supra, 135 Misc 2d 125; Chase v Patron Transmission Co., supra, 61 Misc 2d at 201; Passaro v Passaro, supra, 120 AD2d 658; Great Am. Ins. Co. v Giardino, supra, 71 AD2d 836.)[7]
Here, since the defendant denied making the derogatory remarks, plaintiffs could well anticipate the need for voice print analysis so as to refute that denial. Accordingly, this court finds that the use of the voice exemplars is material and necessary to the prosecution of this case.
There is another wrinkle present here that prevents us from ordering the immediate production of voice exemplars. This court holds that before defendant may be so compelled, there must be a threshold demonstration that the voice print analysis proposed by the plaintiffs’ expert will yield information which is not only relevant, but scientifically reliable and valid. This is important here because the test that the plaintiffs would have the defendant submit to has not, as of yet, achieved general acceptance as a reliable scientific procedure. (People v *472 Jeter, 80 NY2d 818 [1992]; People v Persaud, 226 AD2d 402 [2d Dept 1996].)[8]
Accordingly, this court holds that it would be inappropriate to order the production of voice exemplars before a pretrial hearing is held to determine the validity of voice print science and to ensure that the tapes in plaintiffs’ possession are indeed audible. (Garvin v Garvin, 162 AD2d 497 [2d Dept 1990]; cf. Burgel v Burgel, 141 AD2d 215 [2d Dept 1988].)
Decision upon the motion to compel the production of a voice exemplar is held in abeyance pending the conduct of the aforementioned hearing. Should the plaintiffs successfully demonstrate the audibility of the tapes and the reliability of the science involved, then the defendant will be directed to provide voice exemplars as requested.

. Cf. D’Arc v D’Arc, 157 NJ Super 553, 385 A2d 278 (1978) (issue before the court was the scientific reliability of voice printing rather than the compelled production of the exemplar).

. Passaro v Passaro, 120 AD2d 658 (2d Dept 1986); Great Am. Ins. Co. v Giardino, 71 AD2d 836 (4th Dept 1979); Matter of Schwartz, 135 Misc 2d 125, 128 (Sur Ct 1987); Chase v Patron Transmission Co., 61 Misc 2d 200, 200 (Sup Ct 1969).

. Handwriting exemplars and voice exemplars are physical characteristics that for purposes of Fourth and Fifth Amendment jurisprudence are indistinguishable. The focus of a constitutional analysis is whether the exemplar is testimonial in nature or the subject of an unreasonable search (United States v Dionisio, 410 US 1). The focus in an analysis under CPLR 3101 is whether the exemplar is material and necessary to the prosecution of the action. This difference in focus does not affect the nature and quality of these two physical characteristics.

. Contrary to the plaintiffs’ contention, this court finds that a voice or handwriting exemplar is an identifying physical characteristic rather than a physical condition. Accordingly, discovery is not available under CPLR 3121. (See Schmerber v California, 384 US 757, 764 [1966] [listing among a group of physical characteristics, handwriting and voice].)

. No argument has been made here, nor could there be, that voice exemplars may lead to other relevant evidence.

. There appears to be one dissenting voice among the many decisions directing the production of handwriting exemplars. In Gilbert v Ligammari (100 Misc 2d 1093, 1095 [NY County Ct 1979]), the court held that nothing in any of the provisions of article 31 “empowerfs] the court to order a party to take affirmative action to create and bring into existence an otherwise nonexistent writing * * * on the theory that following its court-ordered manufacture it may prove to constitute evidence material and necessary to the prosecution of his adversary’s case.” Although on the statement that a party cannot be compelled to bring into existence an otherwise nonexistent writing, the Second Department. in a case dealing with demand to have a document translated cited Ligammari with approval in Rosado v Mercedes-Benz of N. Am. (103 AD2d 395 [2d Dept 1984]), the Second Department later approved of the compelled production of a handwriting exemplar. (Passaro, supra.)

. Nor do these courts perceive any ground for protecting this material from disclosure. Although the Giardino Court acknowledged that the privilege against self-incrimination applies in civil actions, it found that compelling the production of such exemplars does not constitute compelled testimonial evidence in violation of the privilege. Nor do such exemplars enjoy the qualified privilege of material prepared for litigation pursuant to CPLR 3101 (d) (2). (Passaro, supra, 120 AD2d 658.)

. That other courts may have found that this procedure is not scientifically acceptable does not preclude this court from conducting its own hearing into the matter, since a great deal of time has passed since this issue was considered and the evidence brought to bear upon this question may well be quite different today.